[No. 19080. In Bank. — October 10, 1893.]'

## LIZZIE M. WARNER, APPELLANT, v. C. A. WARNER ET AL., RESPONDENTS.

DIVORCE—PLACE OF COMMENCEMENT OF ACTION—CHANGE OF PLACE OF TRIAL—RESIDENCE OF DEFENDANT—CONSTRUCTION OF CODE.—Section 128 of the Civil Code, which provides that an action for divorce must be brought in the county of the plaintiff's residence, must be read in connection with sections 395 and 397 of the Code of Civil Procedure, and is a mere limitation as to the place for the commencement of the action, and is not inconsistent with the latter sections, which provide for the change of place of trial of actions; and a defendant in such action has the right to a change of place of trial to the county in which he resides, upon proper demand therefor.

ID.—JOINDER OF REAL AND PERSONAL ACTIONS—DIVORCE AND DIVISION OF COMMUNITY PROPERTY—JOINT DEMAND FOR CHANGE OF VENUE.— Where real and personal actions are joined in the same complaint the action must be tried in the county of the defendant's residence; and an action by a wife for a divorce, which also seeks a division of the community property, and to set aside a fraudulent conveyance of such property by the husband to a codefendant, may be removed to the county of the husband's residence, if the grantee in the alleged fraudulent conveyance joins the husband in the demand therefor.

APPEAL from an order of the Superior Court of San Bernardino County changing the place of trial of an action.

The facts are stated in the opinion of the court.

*Rolfe & Freeman*, for Appellant.

It was error for the court to change the place of trial. The county of the plaintiff's residence was the only county in which the action could be brought. (Civ. Code, sec. 128.) A wife's residence may be different from that of her husband. (*Moffatt* v. *Moffatt*, 5 Cal. 280; Stewart on Marriage and Divorce, sec. 221.) The action is also to set aside a fraudulent sale and conveyance of land, and therefore requires the determination of a right or interest in real property, and should be tried in the county in which the property is situated, even if defendants live in another county. (Code Civ. Proc., sec. 392, subd. 1; *Sloss* v. *De Toro*, 77 Cal. 129.) But even if it be conceded that San Bernardino is not

the proper county for the trial, because of the residence of defendants in Los Angeles county, still the defendants at the time they appeared and demurred and filed their affidavit of merits did not demand in writing that the trial be had in the proper county. (Code Civ. Proc., sec. 396.) A notice of motion to change the place of trial on the ground of residence of defendant is not a demand in writing as required by section 396 of the Code of Civil Procedure. (*Estrada* v. *Orena*, 54 Cal. 407; *Byrne* v. *Byrne*, 57 Cal. 348.) And the written demand must be filed at the same time that the defendant answers or demurs and files his affidavit of merits. (*Watkins* v. *Degener*, 63 Cal. 500; *Nicholl* v. *Nicholl*, 66 Cal. 36.)

*Wells, Monroe & Lee,* for Respondents.

The order changing the place of trial was proper under the section of the code giving the defendant the right to have the action tried in the county of his residence. (Code Civ. Proc., sec. 395; *Watkins* v. *Degener*, 63 Cal. 500; *Cook* v. *Pendergast*, 61 Cal. 72; *Foye* v. *Simon*, 12 Pac. C. L. J. 218; *Paige* v. *Carroll*, 61 Cal. 215.) Sections 128 of the Civil Code and 395 of the Code of Civil Procedure should be construed so as to maintain both in harmony. (*Camp* v. *Grider*, 62 Cal. 26; *Browne* v. *Dexter*, 66 Cal. 40; *Gonzales* v. *Wasson*, 51 Cal. 295; *Skirm* v. *Farrand*, 18 Cal. 314.) Plaintiff's contention that because she has joined with her action for divorce an action to set aside a fraudulent sale of land, and that such land is situate in San Bernardino county, therefore, under section 392, subdivision 1, of the Code of Civil Procedure, the action should be tried in San Bernardino county, is untenable, as it is well settled that if a complaint states two causes of action, as to one of which the defendant has the right to a change of venue, but not as to the other, the case will be transferred. (*Ah Fong* v. *Sternes*, 79 Cal. 30.) As the bill of exceptions states that the affidavits of merits and notice were in due form, it cannot now be contended that a demand

was lacking. (See *Gibson* v. *People*, 5 Hun, 543.) No
objection to the want of a demand was made in the trial
court, and the failure to object is a waiver of such objec-
tion in the appellate court. (*Judson* v. *Love*, 35 Cal.
469, 470; *Gray* v. *Nunan*, 63 Cal. 221; *Frost* v. *Meetz*, 52
Cal. 664; *Godchaux* v. *Mulford*, 26 Cal. 316; 85 Am. Dec.
178.)

PATERSON, J.—This is an action for a divorce and a
division of the community property. It is alleged that
F. R. Warner, who is joined as a defendant with the
husband of the plaintiff, received from the husband a
fraudulent conveyance of certain real property, situated
in San Bernardino county, with the intent to defraud
the plaintiff of her community interest therein. The
prayer is for a divorce, a cancellation of the conveyance,
and a division of the property fraudulently conveyed.
The action was brought in the county of San Bernar-
dino, the complaint alleging that the plaintiff had re-
sided in the state for more than one year and in the
county of San Bernardino for more than three months
next preceding the commencement of the action.

The court on motion of the defendants changed the
place of trial from San Bernardino to Los Angeles county,
upon the sole ground that the defendants were residents
of the latter county.

Appellant contends that under section 128 of the Civil
Code an action for divorce must be brought in the
county of the plaintiff's residence, and cannot be re-
moved therefrom except on account of the convenience
of witnesses, or where it is made to appear that an im-
partial trial cannot be had, or that the judge of the
county is disqualified from acting.

The section referred to, as originally incorporated into
the codes, provided that "a divorce must not be granted
unless the plaintiff has been a resident of the state for
six months next preceding the commencement of the
action." As amended by the Act of March 10, 1891, it
now reads that " a divorce must not be granted unless

the plaintiff has been a resident of the state for one year, *and of the county in which the action is brought three months next preceding the commencement of the action.*"

It is said it would lead to an absurdity to hold that a husband could compel his wife to bring an action in a county other than the one in which he lived—in the county where she resides—and afterwards on his own motion have the cause removed to the county of his residence; but in making this new provision the legislature was looking out for the interests of the public, as well as the interests of the parties. Prior to the passage of this amendment reproach had been brought upon the administration of our divorce laws by the frequency of proceedings commenced by complainants in counties where neither of the parties resided, the purpose being generally to avoid notoriety in the community where the plaintiff was known, and in some instances to obtain a decree by collusion, or to vex the defendant, or make it impossible or inconvenient for him or her to present a defense. It was the purpose of the amendment to correct this abuse. The state has an interest in the result of such cases. The public welfare demands that the bonds of matrimony should not be lightly set aside, and there is less probability of successful collusion or unfair advantage where the parties have both resided and are known than there is in a county where neither has resided, and which the plaintiff may select for the purpose solely of procuring a divorce. It is true, before the amendment, a defendant had the right to have the cause transferred to his or her place of residence for trial, and to this extent the defendant's rights were protected; but the amendment tends to discourage the practice referred to, saves the defendant in a great many instances from the necessity and expense of moving for a change of the place of trial, and renders it less probable that the parties will allege or admit grounds of divorce which their friends and neighbors know to be false. Thus are the interests of not only the defendant but of the public in a measure protected.

Section 128 must be read in connection with sections 395 and 397 of the Code of Civil Procedure. The former is a limitation as to the place for the *commencement* of actions of divorce, the latter provide for the place of *trial*. The absurdity suggested is no greater than that which may arise under section 5, article VI, of the constitution. That section provides that "all actions for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions is situated." The plaintiff may be morally certain that the action would have to be tried in another county, either because of the convenience of the witnesses or disqualification of the judge, and yet the action *must be commenced* in the county where the real estate is situated. It has been held here that there is no inconsistency between this section and the provisions of the code relating to the *place of trial*. (*Hancock* v. *Burton*, 61 Cal. 70.) We do not look to the Civil Code for methods of procedure. The legislature has, for the reasons suggested, provided that no divorce shall be granted unless the plaintiff has resided in the county where the action is commenced for three months, but we look to the Code of Civil Procedure to determine all questions relating to the place of trial.

The inconvenience and injustice suggested by appellant is more fancied than real. The cases in which the plaintiff will be put to inconvenience must necessarily be rare. Furthermore, when the question of inconvenience is considered it will be found not entirely one sided. A party desiring to secure a divorce may, under the construction claimed by appellant, by establishing a residence in a distant county, put the defendant to the trouble and expense of having the case tried away from the place of his residence, unless he can show inconvenience of witnesses or disqualification of the judge.

But all such speculation has nothing to do with the

matter. It is the duty of the court to give effect to the law as it finds it, and not be led away from the rules of construction by considerations of inconvenience. It is sufficient for us to know that effect can be given to both provisions by the construction which we give them, while the construction contended for would in effect nullify the provisions of section 395 of the Code of Civil Procedure, so far as actions for divorce are concerned.

It is further contended by the appellants that the action, being one in part to set aside a fraudulent sale and conveyance of land, necessarily involves the determination of a right or interest in real property, and therefore comes within the provision of section 392 of the Code of Civil Procedure. That section provides that an action " for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," must be tried in the county in which the subject of the action is situated, subject to the power of the court to change the place of trial.

The object of the action, however, was not simply to procure the cancellation of the deed and reconveyance of the property. Another and probably much greater object was to secure a dissolution of the bonds of matrimony, and, so far as this last matter was the subject of the action, the proper county for the *trial* thereof was the county of the defendant's residence. It has been held here that if real and personal actions are joined in the same complaint the case falls within section 395 of the Code of Civil Procedure, and must be tried in the county of the defendant's residence. (*Smith* v. *Smith*, 88 Cal. 572; *Ah Fong* v. *Sternes*, 79 Cal. 33; *Le Breton* v. *Superior Court*, 66 Cal. 30.)

The defendant, F. R. Warner, might perhaps have insisted upon the action being retained in the county of San Bernardino for trial; but if any such right existed he waived it by joining the other defendant in the application for a transfer to Los Angeles county. (*O'Neil* v. *O'Neil*, 54 Cal. 187.)

In the bill of exceptions facts are cited sufficient upon which to base an order changing the place of trial.

The order is affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.

DE HAVEN, J,—I dissent from the judgment.

HARRISON, J., concurring.—I think the order appealed from should be affirmed. In my opinion the amendment of 1891 to section 128 of the Civil Code was intended to prescribe a residence of three months in some particular county as a jurisdictional condition to be shown by the plaintiff before he should be entitled to a divorce, just as the previous requisite, which is also retained, of six months' residence in the state is a jurisdictional condition to entertaining his application for a divorce. The right to a divorce is particularly a matter of statutory creation, and the legislature has the same right to prescribe the conditions in procedure upon which a suit shall be instituted in its courts as it has to limit the causes for which the divorce may be granted.

This construction of the section is consistent with the provisions of the Code of Civil Procedure for changing the place of trial of the action after it has been brought, and gives full force to the several provisions of both codes.

No objection was made in the court below to the absence of a demand in writing for a change of the place of trial, and, as the bill of exceptions states that a "notice in due form" of the motion therefor was filed by the defendant, it can be assumed here that the notice included a proper demand.

BEATTY, C. J., dissenting.—I dissent. There was no demand in writing for a change of the place of trial ever filed by the defendants, or either of them; and such demand has more than once been held by this court to be essential to the validity of an order changing the place of trial. (Code Civ. Proc., sec. 396; *Estrada* v. *Orena*, 54 Cal. 407; *Byrne* v. *Byrne*, 57 Cal. 348.)

Unless these decisions are to be reversed the order appealed from should be reversed.

As to the point discussed in the opinion of the court I concur in the main in the views expressed by Justice Paterson; but, for the reason above stated, I must dissent from the judgment of affirmance.