[S. F. No. 1106.   Department One.—July 6, 1899.]

GEORGE STAACKE, Respondent, v. JOHN S. BELL et al., Appellants.

PLEADING—PRAYER OF COMPLAINT—RELIEF AGAINST DEFAULTING DEFENDANT.—No relief can be granted against a defaulting defendant in excess of that specifically prayed for in the complaint; and the general prayer for relief cannot enlarge the power of the court to grant relief not prayed for against the defaulting defendant.

ID.—PRAYER IN ANSWER OF CODEFENDANTS.—A defaulting defendant has the right to assume that no relief will be granted beyond that which the complaint specifically seeks; and codefendants, whose answer is not served upon the defaulting defendant, cannot, by any prayer for affirmative relief therein, extend the specific relief properly granted, beyond that asked for in the complaint, as against such defaulting defendant.

VENUE OF REAL ACTION—DECREE TO BE CONSIDERED.—In determining whether an action is, in effect, a real action, quieting title to land, or enforcing a lien thereon, which must be brought in the county where the land is situated, the court will consider not only the prayer for relief in the complaint and answers, but also the terms of the decree.

ID.—DECREE AS TO EFFECT OF TRUST DEED.—Under the complaint in an action not brought in the county where the lands described in a trust deed were situated, seeking to renew the trust deed and the promissory note by which it was secured, so as not to affect the rights of the parties to a prior action pending in the county where the lands were situated, brought to enforce a trust in favor of other parties against the trustor, who were made defendants to the new action, and under answers of the creditor and trustees named in the trust deed, seeking to protect the trust deed as a paramount conveyance and lien, a decree adjudging that the original trust deed is a first charge on the lands, and is and shall remain prior and superior to any claim, charge, or lien to or on said lands in favor of the other parties, cannot be rendered. Such relief can only be had in an action brought where the lands are situated.

VALIDITY OF TRUST DEED—RESTRAINT UPON ALIENATION.—A trust deed to secure indebtedness payable at a fixed future date does not create a trust in violation of the statute against perpetuities, or forbidding restraint upon alienation beyond the possibility of lives in being.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   D. J. Murphy, Judge.

The facts are stated in the opinion.

Crittenden & Van Wyck, Richards & Carrier, and Sidney M. Van Wyck, Jr., for Appellants.

The prayer for general relief could not enlarge the relief to be granted, which cannot exceed that specifically prayed for against the default in defendant. (Code Civ. Proc., sec. 580; *Mudge v. Steinhart,* 78 Cal. 40; 12 Am. St. Rep. 17; *Johnson v. Polhemus,* 99 Cal. 240; *Bailey Loan Co. v. Hall,* 110 Cal. 492; *Brooks v. Forington,* 117 Cal. 221; *Foley v. Foley,* 120 Cal. 42, 43; 65 Am. St. Rep. 147.) The court had no jurisdiction to grant the relief awarded in an action not commenced where the lands were situated. (Code Civ. Proc., sec. 392; Const., art. VI., sec. 5; *Hancock v. Burton,* 61 Cal. 70; *Fritts v. Camp,* 94 Cal. 394, 398; *Pacific Yacht Club v. Sausalito Bay etc. Co.,* 98 Cal. 489; *Duffy v. Duffy,* 104 Cal. 602; *Rogers v. Cady,* 104 Cal. 292; 43 Am. St. Rep. 100; *Southern Pac. Co. v. Pixley,* 103 Cal. 120; *Urton v. Woolsey,* 87 Cal. 39.) The trust deed is invalid, as suspending the power of alienation for a fixed period. (*In re Walkerly,* 108 Cal. 646; 49 Am. St. Rep. 97.) Defendant's answer, not served upon appellant, could not justify relief in excess of the prayer of the complaint. (*Hibernia Savings etc. Soc. v. Clarke,* 110 Cal. 32; *Hibernia Savings etc. Soc. v. Fella,* 54 Cal. 598.)

H. C. Campbell, Sidney V. Smith, and E. H. Rixford, for Respondent.

The court had jurisdiction of the action, as one of equitable jurisdiction. (Const., art. VI.) The trustees were not entitled to possession of the land. (*Tyler v. Granger,* 48 Cal. 259.) An action to enforce a trust need not be brought in the county where the lands are situated, nor any equitable action *in personam,* though relating to lands elsewhere situated. (*More v. Superior Court,* 64 Cal. 345; *Le Breton v. Superior Court,* 66 Cal. 27; *Smith v. Smith,* 88 Cal. 577; *Warner v. Warner,* 100 Cal. 16; *Bailey v. Cox,* 102 Cal. 333; *Woodbury v. Nevada etc. Ry. Co.,* 120 Cal. 463.)

CHIPMAN, C.—The action is brought in the superior court of the city and county of San Francisco, and the complaint alleges that on February 1, 1892, plaintiff executed and deliv-

ered to defendant, San Francisco Savings Union, his promissory
note, due February 1, 1893, for sixty thousand dollars, to se-
cure payment of which plaintiff executed a conveyance to de-
fendants Henry C. Campbell and Thaddeus B. Kent of certain
lands in Santa Barbara county. This conveyance is set out in
the complaint and is an ordinary deed of trust. The complaint
then alleges that on March 8, 1893, "the defendant John S.
Bell commenced an action against plaintiff and the defendant
John W. C. Maxwell in the superior court . . . . in and for the
county of Santa Barbara, which action is . . . . undetermined.
. . . . That by the pleadings in said action it is claimed by all
the parties thereto that this plaintiff holds said land in trust.
That on the sixteenth day of October, 1892, said Thomas Bell
died in the said city and county of San Francisco, leaving a last
will, a copy whereof is . . . . made part hereof." Thomas
Bell is not previously mentioned in the complaint, but appears
in the title of the cause as deceased. There is no explanation
in the complaint for making the heirs or executors of Thomas
Bell parties to the action. The complaint then avers the ap-
pointment of plaintiff and defendant John W. C. Maxwell as
executors of the will of said Thomas Bell; that the principal of
the note and some interest are still due; that the San Fran-
cisco Union "is willing to renew said note and security, or to
extend the time for the payment of said note, if plaintiff can
procure proper authority to make such renewal or extension,
but otherwise demands immediate payment of said note, and
intends, in default thereof, to cause said lands to be sold by the
trustees, Campbell and Kent, to satisfy said indebtedness; that
said lands are of much greater value than the amount of said
indebtedness, if sold in parcels and at a time when there is a
demand for such property, but at present the market for such
property is depressed, and . . . . that if said property should
be sold at this time by said trustees it would probably realize
but little if any more than sufficient to pay said indebtedness."
There is nothing in the complaint to show the nature of the trust
referred to in the action pending in Santa Barbara county, or
when it arose. The prayer is for the judgment of the court
"authorizing and directing plaintiff to execute a new note in
place of the note above mentioned, or a renewal of the note

above set forth, and a deed of trust to secure the same, such new note or renewal note and deed of trust and the judgment herein not to in any way affect the rights of the parties to said action pending in Santa Barbara county, but leaving said rights to be determined in said action, subject always to the deed of trust aforesaid, or any deed of trust that may be authorized by the judgment herein," and for general relief.   Trustees Campbell and Kent and the Savings Union filed separate answers in which they set up many facts additional to those found in the complaint, and prayed for relief different from and in excess of that asked by the complaint.   The decree adjudges that the deed of trust mentioned in the complaint "is and shall remain prior and superior to any claim, charge, or lien to or on said lands of the defendants John S. Bell (naming the other defendants except Campbell, Kent, and Savings Union), or any of them; that the said note and deed of trust were executed with full knowledge and consent of Thomas Bell; that subject to said deed of trust the plaintiff holds the legal title to said lands . . . . in trust for the defendant John S. Bell and the other defendants (naming them) as their interests may be determined in the suit now pending" in the superior court of Santa Barbara county referred to in the complaint; it is also adjudged and ordered that plaintiff, "on his own behalf and as trustee as aforesaid, be and he is hereby authorized and directed to execute an instrument in writing renewing said note and extending the time for the payment of the principal thereof in words and figures following."   Then follows a prescribed form of instrument to be executed by the parties.   Appellant and the executors of Thomas Bell made default; the other defendants answered; plaintiff had judgment, from which defendant John S. Bell appeals on the judgment-roll alone; the answers to the complaint were not served upon him.   The grounds of the appeal are: 1. The relief granted is in excess of that demanded in the complaint; 2. Want of jurisdiction; and 3. Insufficiency of the complaint.

1. Where there is no answer the relief granted plaintiff "cannot exceed that which shall have been demanded in his complaint." (Code Civ. Proc., sec. 580.)   It is improper to grant relief other and different from that prayed for in the

complaint (*Mudge v. Steinhart*, 78 Cal. 34, 12 Am. St. Rep. 17; *Bailey Loan Co. v. Hall*, 110 Cal. 492); nor can the general prayer enlarge the power of the court to grant relief not prayed for against a defaulting defendant.  In the case here, the court did not decree a renewal of the deed of trust, and that part of the prayer may be put aside.  As we read the prayer of the complaint, so far as appellant is concerned, the judgment was not to affect his rights in the action pending in Santa Barbara county.  The language is "not to in any way affect the rights of the parties to said action pending in Santa Barbara county, but leaving said rights to be determined in said action."  It is true the prayer also says, "subject always to the deed of trust aforesaid, or any deed of trust that may be authorized by the judgment herein."  Whether or not this latter clause was intended as a limitation of the clause preceding it, we think it clear enough that the complaint notified appellant that plaintiff intended to ask a decree, not as trustee of anybody, but individually, as he had executed the note and deed of trust, authorizing him to renew the note, and that the decree should be so drawn as "not to in any way affect the rights of the parties to said action pending in Santa Barbara county."  Of course, the Savings Union would not consent and did not consent unless the renewal could be made so as to preserve its rights as they then stood, but, nevertheless, we think appellant had the right to make default on the assumption that his rights also in the Santa Barbara action would not be affected.  The decree, however, goes far beyond the prayer and grants the relief prayed  for by the Savings Union and trustees Campbell and Kent in their answers, which were not served upon appellant, and of the nature and contents of which he had no notice.  Appellant could rest secure under section 580 of the Code of Civil Procedure, and the allegations of the complaint that the judgment was "not to in any way affect the rights of the parties" in the action pending in Santa Barbara county.  The decree as to appellant was in excess of the relief demanded in the complaint in adjudging that the deed of trust given by plaintiff is a first charge upon the lands; that plaintiff holds the lands in trust for appellant subject to said deed of trust; that the instrument to be executed by plaintiff

should be executed by him as trustee of appellant; and should recite that when the deed of trust was executed by plaintiff, he, plaintiff, "was by the San Francisco Savings Union believed to be the owner in fee in his own right of the lands described in the deed of trust"; and also in directing that plaintiff should, as trustee of appellant, execute a renewal contract. These matters seem to have found their way into the decree from allegations in the answers referred to and evidence submitted in support thereof, and whether or not they were proper to be litigated in the action, it is clear to our minds that the complaint did not inform defendants of any such issues and appellant is not bound by the judgment as to them.

2. As the judgment must be reversed, and as a decree equally comprehensive with the purpose disclosed by the answers may be sought upon a second trial of the action, it seems necessary to dispose of the question of jurisdiction. The constitution, article VI, section 5, provides "that all actions . . . . quieting title to or for the enforcement of liens upon real estate shall be commenced in the county in which the real estate . . . . affected by said action . . . . is situated." The constitution does not prohibit the trial elsewhere if the action is commenced in the proper county, notwithstanding the provisions of section 392 of the Code of Civil Procedure. (*Hancock v. Burton*, 61 Cal. 70; *Duffy v. Duffy*, 104 Cal. 602.)

But if the action falls within any of the classes enumerated in the constitution it must be commenced in the county in which the real estate affected by the action is situated. The only question here, then, is: Does the relief asked by the complaint and answers have the effect to quiet the title of the Savings Union, or is it for the enforcement of its lien? We may look to the decree to determine the real purpose of the action, and are not confined to the phraseology of the prayer for relief. (*Fritts v. Camp*, 94 Cal. 394; *Pacific Yacht Club v. Sausalito etc. Co.*, 98 Cal. 489.) Conceding, but not deciding, that the superior court of San Francisco could direct the plaintiff to execute a new note and trust deed, so as "not in any way to affect the rights of the parties" in the Santa Barbara action, as is asked in the complaint, it could not adjudge that the original trust deed is a first charge on the Santa Barbara lands, or

that it was a valid conveyance, and thus prevent a person having title to that land from claiming the right to have his title litigated and its validity determined in the county where the land is situated.    Trustees may, in proper cases, apply to any court of the state, of general jurisdiction, for directions as to the conveyance of the trust estate, but trustees, equally with other persons, are bound by the provisions of the constitution, and if they seek a decree quieting their own title to real estate, or that of some other person, or for the enforcement of any lien upon real estate, they must commence the action in the county where the land is situated. ˙ Respondent claims that the action is one to administer a trust and to authorize the trustee to do certain things for the preservation of the trust, and therefore does not come within the constitutional inhibition.    In support of the contention we are cited to *More v. Superior Court,* 64 Cal. 345; *Le Breton v. Superior Court,* 66 Cal. 27, and other cases.    The first of these cases involved the removal of certain trustees and the appointment of others in their stead and the appointment of a receiver to take, hold, and protect the property pending the action.    The second involved a proceeding to enforce a trust on personal and real property.    No attempt was made in either of the cases to have adjudged the superiority of any title under the trust deed.    In the case here the decree apparently goes to the extent of adjudicating the priority of the title under the trust deed over the claims and title of appellant, and it may be of others.    The decree is one in its effect to determine title to land, and practically to quiet title to lands, if, indeed, it is not also in effect to enforce a lien thereon by compelling the conveyance of a title declared to be prior to all other claims.    Such a decree we do not think could be entered except in an action commenced in a county where the land is situated.    .

Without discussing the sufficiency of the complaint, which seems unnecessary, we may remark that the trust deed is not void upon the ground that it creates a trust in violation of the statute against perpetuities.    (*Sacramento Bank v. Alcorn,* 121 Cal. 379; *Camp v. Land,* 122 Cal. 167.)

˙It is advised that the judgment should be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed. Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.