[Civ. No. 175. Third Appellate District.—May 15, 1906.]

STATE OF CALIFORNIA ex rel. E. P. COLGAN, Controller, Appellant, v. M. B. CAMPBELL, Respondent.

ACTION BY STATE—PLACE OF TRIAL—RESIDENCE OF DEFENDANT—CONSTRUCTION OF CODES.—In an action by the state brought in Sacramento county by the controller of state to recover moneys which came officially into the hands of a medical superintendent of one of the state asylums for the insane, in pursuance of section 433 of the Political Code, the defendant is entitled to a change of the place of trial to the county of his residence under section 395 of the Code of Civil Procedure. The former section prevails merely as to the duties of the controller in bringing the action; while the latter must prevail as to the place of trial, and applies to all actions brought by the state, there being no provision to the contrary.

APPEAL from an order of the Superior Court of Sacramento County, changing the place of trial of an action by the state. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and George A. Sturtevant, Deputy Attorney General, for Appellant.

J. W. McKinley, for Respondent.

McLAUGHLIN, J.—This action was commenced in the superior court in and for the county of Sacramento, to recover certain moneys which came into the hands of respondent in his official capacity as medical superintendent of one of the state asylums for the insane. In due time and form, respond-

ent, who was at the time the action was commenced a resident of Los Angeles county, made his motion that the place of trial be changed to the county of his residence, and this appeal is from the order granting said motion.

There can be no doubt that as a general rule all actions for the recovery of money *must be tried* in the county where the defendant resides, unless he directly or impliedly consents to a trial elsewhere. (Code Civ. Proc., secs. 395, 396.) It is, however, contended by appellant that a contrary rule, applying to actions such as the one at bar, is declared in subdivision 16 of section 433 of the Political Code. The provision relied upon is found in a section of the code defining and enumerating the duties of the controller of this state, and reads as follows: "To direct and superintend the collection of all moneys due the state, and institute suits in its name . . . against persons who by any means have become possessed of public money or property and fail to pay over or deliver the same, and against all debtors of the state; *of which suits the courts of Sacramento county have jurisdiction,* without regard to the residence of the defendants."

We can see nothing in this language which changes the general rule, or excepts actions commenced by the state from its operation. There is no hint that the jurisdiction thus conferred is *exclusive,* nor is it provided that actions therein mentioned *must be tried* in Sacramento county. The subdivision is entirely silent on this point, and no intention to change the ordinary rule governing the *place of trial* is manifested. The main, central object of this provision is to give the controller power to *institute* certain suits in the name of the state, and it seems to us that, given a reasonable construction, the clause in question simply means that such suits may be *instituted* in the county where the seat of state government is located, and where the controller has his official residence. (Polᴑ Code, secs. 145, 852.) The section in which the subdivision is found relates to the gneral duties of the controller, and that is certainly one of the last places where an attorney or judge would look for a law governing the place of trial of civil actions. On the other hand, section 395 of the Code of Civil Procedure is found in a title which deals exclusively with that subject, and it would be a radical departure from cardinal rules of construction to hold that the express and definite pro-

visions of that and the succeeding sections of the same title are modified, controlled or nullified by implications drawn from a provision which is not only silent on the point, but has no relation whatever to the subject matter dealt with in said section. (Lewis' Sutherland's Statutory Construction, secs. 443, 447, 448, 491; Code Civ. Proc., sec. 4; Pol. Code, secs. 4, 4480 et seq.; *Warner* v. *Warner,* 100 Cal. 16, [34 Pac. 523]; *Emeric* v. *Alvarado,* 64 Cal. 607, [2 Pac. 418].) There can be no doubt that the provisions of section 395 apply directly to *all* cases not provided for in the three preceding sections, and adopting a construction which avoids conflict, and gives harmonious effect to the provisions of both sections under consideration, we think the court had power, on proper application, to change the place of trial. This power was directly recognized in *People* v. *Plumas Eureka M. Co.,* 51 Cal. 566, where the court considered the merits of an application to change the place of trial on the ground of the convenience of witnesses. True, the application passed upon in that case was also based on the ground that the defendant resided in San Francisco, but the court held that the place of residence conferred no right to a change of venue because the action fell within the terms of section 392, Code of Civil Procedure, and was, therefore, expressly excluded from the operation of section 395 of the same code. The distinction between the *jurisdiction* of courts, and the *right to have the action tried in the county of* defendant's residence, is exemplified in a number of cases where it was held that although the court where the action was commenced undoubtedly had jurisdiction, the defendant was nevertheless entitled to have the place of trial changed. (*Hancock* v. *Burton,* 61 Cal. 71; *Duffy* v. *Duffy,* 104 Cal. 604, [38 Pac. 44]; *Staacke* v. *Bell,* 125 Cal. 314, [57 Pac. 1012]; *Warner* v. *Warner,* 100 Cal. 16, [34 Pac. 523]; *Security L. Co.* v. *Kaufman,* 108 Cal. 222, [41 Pac. 467].)

There is another reason why the order of the court must be sustained. Section 4481 of the Political Code provides that: "If the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail *as to all matters and questions arising out of the subject matter of such title,*" and there is a provision common to the Code of Civil Procedure and the Political Code which recites that each establishes the law of this state respecting

the subjects to which it relates. (Code Civ. Proc., sec. 4; Pol. Code, sec. 4.) If appellant's construction of section 433 of the Political Code be adopted, then, necessarily, there is a conflict between that section and section 395 of the Code of Civil Procedure, and if each is to prevail on all matters and questions embraced in the respective titles, then the former controls as to the duties of the controller, and the latter as to the place of trial of civil actions. (*Odd Fellows' Sav. Bank* v. *Banton,* 46 Cal. 609; *People* v. *Central Pac. R. R. Co.,* 83 Cal. 397, [23 Pac. 303]; *In re Bergen,* 100 Cal. 377, [34 Pac. 867]; *Fessenden* v. *Summers,* 62 Cal. 487.) Appellant seeks to avoid this conclusion by arguing that section 395 does not apply to actions brought in the name of the state, but we think that the words *"in all other cases"* embrace every form of action, no matter by whom brought, not included in the three preceding sections. (*Watkins* v. *Degener,* 63 Cal. 500; *Thurber* v. *Thurber,* 113 Cal. 610, [45 Pac. 852]; *Hennessey* v. *Nicol,* 105 Cal. 140, [38 Pac. 649].) If we could see anything in the section which would operate to trench upon the sovereign rights of the state, or "injuriously affect its capacity to perform its functions," we would be forced to the conclusion that it could have no application to actions brought by or against the state. But we cannot imagine how the sovereign rights or prerogatives of the state can be impaired by giving every citizen the privilege of having actions brought against him by the state tried in the county of his residence. And we are particularly at sea as to the reasons which would make such injurious consequences attend suits instituted by the controller, rather than by the attorney general or other officer authorized to sue in the name of the state. The state, through its legislative branch, has said that *all* cases not embraced in sections 392, 393, 394, Code of Civil Procedure, *must* be tried in the county where the defendant resides, and in the absence of some specific provision to the contrary, we think this must be construed as applying to the state, whose consent is at least implied. (*Green* v. *United States,* 9 Wall. 655; *People* v. *Blankenship,* 52 Cal. 619; *Green* v. *State,* 73 Cal. 32, [11 Pac. 602, 14 Pac. 610]; *People* v. *Toyo,* 39 Cal. 461, [34 Pac. 96]; *Fink* v. *O'Neil,* 106 U. S. 272, [1 Sup. Ct. 325].)

Many cases may be found where general laws relating to procedure have been held applicable to the state, but it will only

be necessary to refer to a case cited by appellant, where the necessity for service of notice of appeal in cases where the state was appellant is discussed. (*San Francisco etc. Co.* v. *State,* 141 Cal. 358, [74 Pac. 1047].)

Eliminating section 433 of the Political Code from consideration, it would hardly be contended that section 395, Code of Civil Procedure, does not apply to actions by and against the state, and as the provision thus excluded from consideration does not declare to the contrary, it results that the rule in this regard is not changed.

The order is affirmed.

Buckles, J., and Chipman, P. J., concurred.