(June 30, 1921.)

STATE, Respondent, v. LeROY JONES et al., Appellants.

[199 Pac. 645.]

PLEADING AND PRACTICE—JURISDICTION—VENUE—STATUTORY CONSTRUCTION—CONSTITUTIONAL LAW.

1. It is the intention of C. S., sec. 141, subd. 13, to provide that actions by the state coming within its provisions are triable in Ada county without regard to the place of residence of the defendant.

2. When a statute is ambiguous, its meaning must be determined from the context and the purpose of its enactment. It must be construed so as to give force and effect to its terms if possible.

3. A particular statute will prevail over a general one in case of necessary conflict.

4. C. S., sec. 141, subd. 13, does not confer exclusive jurisdiction upon the district court of Ada county of cases coming within its provisions, but only prevents consideration of the residence of the defendant in determining the place of trial.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Order of the district court denying change of venue. *Affirmed.*

Perky & Brinck and James R. Bothwell, for Appellants.

Under provisions of sec. 6666, C. S., the right of defendant to have the place of trial changed is absolute if the demand is duly made and the court cannot retain the case on the ground of convenience of witnesses. (*Smail v. Gilruth,* 8 S. D. 287, 66 N. W. 452.) C. S., subd. 13, sec. 141, does not grant exclusive jurisdiction to the courts of Ada county. (*State v. Campbell,* 3 Cal. App. 602, 86 Pac. 840.)

Roy L. Black, Attorney General, and Dean Driscoll, Assistant, for Respondent.

The obvious intention of the legislature in the enactment of C. S., sec. 141, subd. 13, was to avoid the inconvenience and expense that would attend the taking of testimony of public officials and the use of public records and documents outside the county where the capital is situated. In construing a statute a court will take into consideration the reasons for its enactment, its objects and purposes, and give force and effect to the intent of the legislature. (*Wood v. Independent School Dist.,* 21 Ida. 734, 124 Pac. 780; *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; *Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319; *Hindman v. Oregon Short Line R. Co.,* 32 Ida. 133, 178 Pac. 837; *Oregon Short Line R. R. Co. v. Minidoka County,* 28 Ida. 214, 153 Pac. 424; *Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579.)

To the extent of any necessary repugnancy between the special and general statutes, the special will prevail over the general, even though the general statute is of a later date. (*Oregon Short Line R. R. Co. v. Minidoka County, supra; Boise City Nat. Bank v. Boise City,* 15 Ida. 792–801, 100 Pac. 93.)

RICE, C. J.—This action was instituted by the state for the purpose of recovering from appellant Jones, as fish and

game warden, and his surety, certain sums alleged to be due as the net value of fish and game licenses and shipping permits issued to him and unaccounted for, together with interest thereon and the penalty provided for by statute.

The American Surety Company is a foreign corporation. The appellants moved the court for a change of venue to Gooding county, alleged to be the county in which appellant Jones resides. This appeal is from the order of the court denying the motion.

The action was instituted by the state auditor in the name of the state pursuant to C. S., sec. 141, subd. 13, which is as follows:

"Sec. 141.  It is the duty of the auditor: . . . .

"13. To direct and superintend the collection of all moneys due the state, and institute suits in its name for all official delinquencies in relation to assessment, collection and payment of the revenue, and against persons who by any means have become possessed of public money or property and fail to pay over or deliver the same, and against all debtors of the state, of which suits the courts of Ada county have jurisdiction, without regard to the residence of the defendants."

Manifestly it is the intent of this statute to provide that actions by the state coming within its provisions are triable in Ada county without regard to the place of residence of the defendant. It is true the word "jurisdiction" is used in the statute. However, it does not confer jurisdiction, as that word is correctly defined, since the court possessed jurisdiction without the enactment of the statute. (Idaho Const., art. 5, sec. 20.) The meaning of the word "jurisdiction" as used in the statute is to be determined from the context. When the whole provision is read together it is clear that the word "jurisdiction" as used in the statute refers to the venue. Unless it is so construed the provision relating to "jurisdiction" is meaningless and mere surplusage. A statute must be construed so as to give force and effect to its terms if possible.

C. S., sec. 6664, being a part of the Code of Civil Procedure, contains a general provision relating to the place of trial in civil actions. This section provides that an action such as the one at bar must be tried in the county in which the defendants, or some of them, reside at the commencement of the action. A particular statute, however, will prevail over a general one in case of necessary conflict. (*Oregon Short Line R. R. Co. v. Minidoka County*, 28 Ida. 214, 153 Pac. 424.)

C. S., sec. 141, subd. 13, does not confer exclusive jurisdiction upon the district court of Ada county in this class of cases, but only prevents consideration of the residence of the defendants in determining the place of trial.

Counsel for appellants rely upon the case of *State v. Campbell*, 3 Cal. App. 602, 86 Pac. 840, construing a provision in the California Code similar to C. S., sec. 141, subd. 13. This decision was announced long after the statute was enacted in this state. It cannot be said, therefore, that the statute was adopted in this state with a construction placed upon it by the California courts. The decision in that case rested in part upon section 4481 of the Political Code of California to the effect that, "if the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject matter of such title," and also upon provisions common to the Code of Civil Procedure and the Political Code, which recites that each establishes the law of that state respecting the subjects to which it relates. (Cal. Code Civ. Proc., sec. 4; Cal. Pol. Code, sec. 4.) We do not find corresponding provisions in the Compiled Statutes of this state.

The order of the district court is affirmed.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., deeming himself disqualified, took no part in the opinion.