[Sac. No. 4468. In Bank.—October 29, 1931.]

THE PEOPLE, Appellant, v. SAMUEL PINCHES et al., Respondents.

U. S. Webb, Attorney-General, and R. L. Chamberlain, Deputy Attorney-General, for Appellant.

Chas. Kasch for Respondents.

CURTIS, J.—This is an appeal by the People of the State of California from an order of the Superior Court of the County of Sacramento granting the motion of the defendants for a change of the place of trial from the Superior Court of the County of Sacramento to the Superior Court of the County of Mendocino. Said motion was made upon the ground that the defendants were residents of said county of Mendocino.

The action was instituted by the state to recover delinquent taxes assessed by the State Board of Equalization against defendants pursuant to the provisions of section 15, article XIII, of the Constitution, adopted November 2, 1926, which provides that all companies engaged in the business of transportation of persons or property as common carriers for compensation over any public highway in this state between fixed termini or over regular routes shall pay taxes exclusively for highway purposes. Section 3664aa of the Political Code (Stats. 1927, p. 17) was adopted by the legislature pursuant to the constitutional mandate to assist in carrying into effect the provisions of said section of the Constitution. This section adopts and makes applicable to highway transportation taxes the provisions of section 3669c of the Political Code. Paragraph 4 of said last-named section provides that the controller shall bring an action to recover the tax due the state "in a court of competent jurisdiction in the county of Sacramento in the name of the people of the state of California, to collect any delinquent taxes, together with any penalties, or costs, which have not been paid in accordance with the provisions of this code and appearing delinquent upon the

record of assessments for state taxes hereinbefore mentioned". In addition to the foregoing, paragraph 16 of section 433 of the Political Code requires the state controller "to direct and superintend the collection of all moneys due the state, and institute suits in its name for all official delinquencies in relation to the assessment, collection and payment of the revenue, and against persons who by any means have become possessed of public money or property and fail to pay over or deliver the same, and against all debtors of the state; of which suits the courts of Sacramento county have jurisdiction, without regard to the residence of the defendants".

This last-mentioned section has been construed by the District Court of Appeal in the case of *State* v. *Campbell*, 3 Cal. App. 602 [86 Pac. 840, 841]. It was there held that while under the terms of said section the courts of Sacramento County had jurisdiction over actions of the class mentioned, nevertheless the defendant therein was entitled to have the place of trial changed to the county of his residence. The distinction was clearly pointed out in the opinion in that case between the jurisdiction of the courts and the right to have the action tried in the county of the defendant's residence. On this subject the court said: "The distinction between the *jurisdiction* of the courts, and the *right to have the action tried* in the county of defendant's residence is exemplified in a number of cases where it was held that although the court where the action was commenced undoubtedly had jurisdiction, the defendant was nevertheless entitled to have the place of trial changed."

Probably the most familiar example of this class of cases are actions for divorce. Under section 128 of the Civil Code the superior court of the county in which the plaintiff resides is not only given jurisdiction of such an action, but its jurisdiction is exclusive. Nevertheless, it has been held that it is now the settled rule in this state, that the defendant in a divorce action is entitled to a change of venue in said action and to have the same tried in the county of his residence. (*Warner* v. *Warner*, 100 Cal. 11 [34 Pac. 523].)

The appellant asks that the case of *State* v. *Campbell, supra,* be overruled, and calls our attention to the fact that

although the case was decided over twenty-five years ago, it has never been cited in any subsequent reported case. While that statement appears to be true, yet this argument may be met by the further statement that that case has stood as the law of this state since its rendition and has never been criticised or overruled by any of the appellate courts of the state. We are unable to perceive any great merit in this argument. Besides, the principle enunciated in the case of *State* v. *Campbell, supra,* has been established and approved in many other cases where similar questions were involved. (*Hancock* v. *Burton,* 61 Cal. 70; *Duffy* v. *Duffy,* 104 Cal. 602 [38 Pac. 443]; *Staacke* v. *Bell,* 125 Cal. 309 [57 Pac. 1012]; *Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523]; *Security Loan etc. Co.* v. *Kauffman,* 108 Cal. 214 [41 Pac. 467]; *Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515 [274 Pac. 977].)

Appellant cites the case of *State* v. *Jones,* 34 Idaho, 83 [199 Pac. 645]. In that case a somewhat similar statute as that involved in this action was construed by the Supreme Court of that state. The court held that "jurisdiction as used in the statute refers to the venue", and expressly refused to follow *State* v. *Campbell, supra.* It distinguished the case then before it from the case of *State* v. *Campbell* in that the state of Idaho has no section of the code or statute similar to section 4481 of the Political Code of this state. By an examination of the opinion in *State* v. *Campbell, supra,* it will be observed that the court was largely influenced in its conclusion in that case by the provisions of said section of the Political Code. This section is as follows: "If the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject-matter of such title." The court therefore held (p. 605) that if there was any conflict between the section of the Political Code and that of the Code of Civil Procedure, "then the former controls as to the duties of the controller, and the latter as to the place of trial of civil actions". With this difference in the statutory laws of the two states, the decision of the Supreme Court of Idaho can have but little persuasive effect in construing the laws of our own state.

If the provision of paragraph 16 of section 433 of the Political Code above quoted does not control the place of trial of actions instituted by the controller, then we think paragraph 4 of section 3669c of the Political Code can have no different effect. The phraseology of the two sections is quite similar. If there is any difference in the language of the two sections we would say that the provision of section 433 is much more favorable to appellant's contention than that of section 3669c. Neither of these sections, however, can be construed as fixing the place of trial of actions instituted by the controller. They simply give that officer authority to commence these actions in a court of competent jurisdiction in Sacramento County, leaving the place of trial of such actions to be determined by the provisions of the Code of Civil Procedure (sec. 392 et seq.).

The Attorney-General calls our attention to the fact that over 5,000 cases similar to the present one are filed in the courts of the county of Sacramento and in addition thereto more than 2,000 cases are pending in the courts of that county for the collection of delinquent corporation taxes. The defendant in each of these cases, the Attorney-General asserts, will be entitled to have the cases against him tried in the county of his residence if the order granting a change of venue in this case is affirmed. Therefore, the Attorney-General argues that had the court in 1906, when the case of *State* v. *Campbell, supra,* was decided, been confronted with this situation, its interpretation of this section of the code would have been in accordance with the present contention of the Attorney-General. As to what the appellate court would have done under such circumstances we, of course, can only conjecture. Having interpreted the various statutes governing the case, according to their context and in accordance with the accepted rules of statutory construction, it would seem that such interpretation should stand, irrespective of any peculiar or unusual situation which might confront the court on subsequent occasions. This is a matter exclusively for the legislature, and is governed by the statutes in force at the time the order of the trial court was made. In 1931 the legislature amended subdivision 4 of section 3669c of the Political Code by the addition thereto of the following sentence, "and such actions shall be tried in the County of Sacra-

mento, unless the court, with the consent of the Attorney General, order a change of place of trial'' (Stats. of 1931, p. 1304). Whatever may be the force and effect of said amendment, it can have no bearing upon the merits of this appeal, as the order appealed from was made long prior to the enactment of the amendment.

The order granting the motion for a change of venue is affirmed.

Seawell, J., Preston, J., Langdon, J., and Richards, J., concurred.