[No. 7,910—In Bank.]
August 22, 1882.

## J. A. NICKERSON v. CALIFORNIA RAISIN COMPANY.

AFFIDAVIT OF MERITS—DEFAULT.—Upon a motion to set aside a default, the affidavit of merits must show that the defendant has fully and fairly stated the facts of the case to his counsel, before the advice of the latter can amount to a *prima facie* showing of the merits on defendant's behalf. An affidavit, that defendant has "fully and fairly stated the said defendant's defense in this action" to his counsel, does not answer the requirement.

APPEAL from a judgment and an order refusing to set aside the same, in the Superior Court of the County of Placer. MYERS, J.

*Sawyer & Ball*, for Appellant.

*D. E. Alexander*, for Respondent.

Ross, J.:

To have justified the Court below in setting aside the default, an affidavit of merits on the part of the defendant was essential. Such affidavit must show that the defendant has fully and fairly stated the facts of the case to his counsel, before the advice of the latter could amount to a *prima facie* showing of merits on defendant's behalf. It is obvious that a statement, such as is found in the affidavit in the present case, that defendant "has fully and fairly stated the said defendant's defense in this action" to his counsel, does not answer

the requirement. It might be that the defense relied on was a purely technical one, that did not touch the merits of the controversy. The expression used in the affidavit is not the equivalent of a statement that the defendant had fully and fairly stated to his counsel all the facts in the case.

Judgment and order affirmed.

THORNTON, SHARPSTEIN, and McKINSTRY, JJ., concurred.