R. T. BUELL, Appellant, *v.* HENRY L. DODGE, Respondent.

CHANGE OF VENUE—AFFIDAVIT OF MERITS.—In the affidavit upon which the defendant moved for an order changing the place of trial, he says that he has fully and fairly stated "the case" in this action to E. S. Pillsbury, one of his counsel, and that after such statement he is advised by his said counsel, and verily believes that he has a good and substantial defense on the merits. *Held*, sufficient as an affidavit of merits.

APPEAL from an order of the Superior Court of Santa Barbara County changing the place of trial to the city and county of San Francisco.

The facts appear sufficiently in the opinion of the court.

*R. H. Taylor, A. Craig,* and *W. C. Stratton,* for Appellant, cited *Nickerson* v. *California Raisin Co.* 61 Cal. 268.

*Pillsbury & Titus,* and *Chas. Fernald,* for Respondent, cited *Butler* v. *Mitchell,* 17 Wis. 52, 61; Waite's Practice, vol. 3, p. 49; Whittaker's Practice, (3d ed.) vol. 2, p. 336; *Rickards* v. *Swetzer,* 3 How. Pr. 412, 414; *Jordan* v. *Garrison,* 6 How. Pr. 6, 9.

McKEE, J.—On moving for an order to change the place of trial in this case, defendant filed an affidavit in which he affirmed that he had stated "the case," to his counsel, who advised him that he had a meritorious defense to the same. Objection was made that the affidavit was insufficient as an affidavit of merits, because it did not appear from it that the defendant had stated to his counsel the facts of the case."

In *Nickerson* v. *The California Raisin Company,* 61 Cal. 268, the party moved on an affidavit which contained the statement that he had fully and fairly stated *his defense* in the action. That

was held to be insufficient, and we said: An affidavit of merits "must show that the defendant has fully and fairly stated *the facts of the case* to his counsel, before the advice of the latter could amount to a *prima facie* showing of merits on defendant's behalf." Upon that as the correct rule of law it is contended that the affidavit in this case was insufficient, and that the order changing the place of trial was erroneous.

But a statement of the "case" is the equivalent of the statement of the facts of the case. "Case" is defined to be a question contested before a court of justice in an action or suit at law or in equity. (*Bouv. Law Dic.* "*Case.*") The primary meaning of the word, says the Supreme Court of New York, according to lexicographers, is *cause*. When applied to legal proceedings it imports a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. In this, its generic sense, the word includes all cases special or otherwise. (*Kundolf* v. *Thalheimer*, 12 N. Y. 596.) When, therefore, the defendant averred in his affidavit that he had made a statement of the case, for the purpose of obtaining the advice of his counsel, the expression necessarily imports that he had made a statement of the facts out of which the case had arisen.

The affidavit was sufficient.

Order affirmed.

ROSS, J., and McKINSTRY, J., concurred.