## Fajardo et al. *v.* Tió.

### Apelación procedente de la Corte de Distrito de Ponce.

No. 554.—Resuelto en febrero 24, 1911.

Traslado de Causa—Declaración Jurada Sobre los Méritos del Caso.—Una declaración jurada expresiva solamente de que el demandado reside fuera del distrito correspondiente a la corte en que se ha entablado la demanda, no es la declaración jurada sobre los méritos del caso (*affidavit of merits*) a que se refiere el artículo 82 del Código de Enjuiciamiento Civil.

Id.—Una declaración jurada sobre los méritos del caso es aquella en que el declarante expresa hechos suficientes para que la corte pueda apreciar si tiene o no buenos motivos de defensa contra la acción ejercitada. Si esta declaración no se presenta, procede la denegación del traslado.

Id.—Alegaciones—Excepción Previa—Jurisdicción—Residencia del Demandado.—La cuestión de que la corte no tiene jurisdicción por razón de la residencia del demandado, no puede plantearse por medio de una excepción previa, porque al comparecer para formularla, si no se ha hecho una solicitud de traslado en forma correcta, la parte queda sometida a la jurisdicción de la corte por virtud de las disposiciones de los artículos 76 y 82 del Código de Enjuiciamiento Civil.

Pruebas—Declaraciones Testificales—Declaraciones de Referencia.—Las declaraciones de referencia tienen fuerza probatoria en los casos en que no se hubiere hecho objeción contra su admisión y no se hubiere impugnado la veracidad de los testigos, ni fueren tales declaraciones esencialmente increíbles o improbables.

Id.—Hijo Natural—Prueba de la Filiación y el Reconocimiento.—Por la apreciación de la prueba practicada en cada caso, sobre la filiación y el reconocimiento, es como puede determinarse si dicha prueba es clara y convincente. El carácter aislado que tengan los actos públicos y privados de un hombre, no es necesariamente lo que ha de servir de base para determinar si el reconocimiento y la filiación han sido o no plenamente probados. Si un testigo declara en términos positivos que una persona reconoció ser el padre de su hijo, y la corte resuelve en favor del hijo, el mero hecho de que sea ese el único acto del padre, no es suficiente para que proceda la revocación.

Id.—Prueba Voluntariamente Suprimida.—La prueba voluntariamente suprimida hay que presumirla adversa, si se hubiera practicado y si se presenta prueba de carácter inferior, hay que presumir asimismo que la de carácter superior, si pudo presentarse, había de ser adversa, por lo que, si una parte deja de declarar sobre hechos de que tiene conocimiento, debe presumirse que su declaración sobre tales hechos había de serle adversa.

Alimentos—Obligación de Reembolsarlos.—Cuando la persona que, sin conocimiento del obligado, hubiere dado alimentos al que deba recibirlos, sea un tío de éste, tal persona no tiene el carácter de extraño a los efectos del artículo 1795 del Código Civil y no puede, por consiguiente reclamarlos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogados del apelado: *Sres. José A. Poventud y Domingo Sepúlveda.*

EL JUEZ ASOCIADO, SR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Ponce dictó sentencia en quince de febrero de 1910, declarando que Margarita Fajardo, de trece años de edad y nacida en San Germán el día 7 de mayo de 1896, era hija natural reconocida del demandado Don Juan Angel Tió y de Doña María Fajardo fallecida en Ponce, declarando también que la referida Margarita tenía derecho a usar el apellido de su padre y a gozar de todas las prerrogativas como tal hija natural, siendo el demandado condenado a pagar al demandante Juan Fajardo, la suma de seiscientos dollars en concepto de sostenimiento y cuidado de dicha menor, y a pasar al referido demandante para el sostenimiento de la expresada menor la cantidad de 25 dollars mensuales a partir del día 1 de abril de 1909, fecha en que se presentó la demanda, y las costas.

Antes de que el demandado formulara su contestación a la demanda presentó una moción solicitando el traslado de la causa a la Corte de Distrito de Mayagüez por ser él residente de San Germán, que pertenece a aquel Distrito. La Corte de Distrito de Ponce negó dicha moción por no haber cumplido el demandado con lo dispuesto en el artículo 82 del Código de Enjuiciamiento Civil. Este artículo dispone lo siguiente:

"Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

No consideraremos ahora la cuestión referente a si la moción debe presentarse junto con la contestación o excepción previa, porque dicha moción no está ajustada a la ley. La moción iba acompañada de una declaración jurada, expre-

sando solamente el hecho de vivir el demandado en San Germán. Esta no es la declaración jurada y fundada a que hace referencia el artículo 82. El *affidavit* o declaración jurada y fundada es uno en que el deponente refiere hechos suficientes que pueden permitir a la corte ver que él tiene una buena defensa en el pleito. (*Buel* v. *Dodge,* 63 Cal., 553; *Nickerson* v. *Cal. Raisin Co.,* 61 Cal., 268.) La corte estuvo ciertamente justificada en negarse a hacer el traslado de la causa.

Entonces el demandado formuló una excepción previa fundada en que la corte no tenía jurisdicción por ser el domicilio del demandado la ciudad de San Germán. Una cuestión como esta no puede promoverse por virtud de una excepción previa por el hecho de la comparecencia, sin haberse presentado una solicitud en debida forma para el traslado de la causa; equivale a una sumisión, según los artículos 76 y 82 del Código de Enjuiciamiento Civil.

Alega también el apelante que el demandante no presentó prueba suficiente para que la menor tuviera derecho a ser reconocida como hija natural.

Expresa la demanda que Juan Angel Tió y María Fajardo vivían en concubinato, de cuyas relaciones nació Margarita Fajardo. Que dicha Margarita Fajardo siempre estuvo en la posesión continua del estado de hija natural reconocida. No existe prueba alguna con respecto a ninguna de estas alegaciones.

Sin embargo, también se expresa en la demanda que el demandado privadamente reconoció a Margarita como hija natural suya y en algunas ocasiones se ocupó de su sostenimiento. Hay alguna contradicción en la prueba, estando la preponderancia de la misma con respecto a los hechos que se trataron de probar, a favor del demandante.

El apelante, sin embargo, funda su argumentación, en que la prueba no es suficiente para obligar a un padre a que reconozca a un hijo, la que con arreglo a las decisiones de esta corte y de la Corte Suprema de España, debe ser clara y convincente.

Durante el juicio se presentó prueba tendente a mostrar que en el año 1896 o un poco antes de esa fecha María Fajardo, madre de Margarita, vivía en San Germán en la casa de la madre del demandado; que cuando empezó el embarazo de María el demandado la hizo mudar a una casa que estaba en frente, y finalmente a la llamada "Casa blanca," aún más distante; Margarita nació en el año 1896; que cuando era muy joven el demandado contribuía a su sostenimiento enviándole un diario, algunas veces con Bernabé Fajardo, hermano de María, y otras veces con distantas personas, y últimamente con la misma niña; que el demandado continuó visitando a María después de haber dejado su casa; que después de haber cesado él en las relaciones que con ella tenía, vivió ésta con otro hombre, teniendo varios hijos con éste último; que hacia el año 1907, María y Margarita se fueron a Ponce; que María falleció en febrero de 1907; que el demandante entonces cuidaba y sostenía a Margarita; que desde el año 1907 en adelante el demandado le enviaba pequeñas cantidades de dinero para el sostenimiento de Margarita en unas cuatro ocasiones; una o dos veces las entregó personalmente al demandante y una o dos veces las envió por certificado; que el demandado dió pequeñas cantidades de dinero a Margarita, le echaba su bendición y nunca la rechazó; que en 1908 el demandante se llevó a Margarita para San Germán para entregársela a Tió recordándole a éste último que él había prometido que se ocuparía del sostenimiento de la niña; que entonces Tió le dió a Fajardo $15 y a Margarita $2, suplicándole el demandado al demandante que cuidara a la niña como si fuera de su propia familia, conviniendo el demandado, entre otras cosas, hacerse cargo de la niña; que según la declaración de Bernabé Fajardo el padre de María Fajardo estuvo muy incomodado cuando supo o tuvo conocimiento de la deshonra de María, y que Tió, reconoció ser el autor de su deshonra, expresando que se haría cargo de Margarita y le daría una casa y algunas tierras; que María ya moribunda, dijo que Tió era el padre de Margarita; que Tió no quería que se supieran estos hechos porque

él era casado, habiéndose casado hacía pocos años y después del nacimiento de Margarita; que él trató de ocultar el hecho de que enviaba dinero, pidiendo que no se le escribiera porque su esposa podía encontrar las cartas; que María era negra y Tió blanco.

Existen además otras declaraciones parecidas a éstas, las que, en unión con la precedente relación han sido prestadas principalmente por los dos tíos maternos de Margarita, y por ella misma. Gran parte de dichas declaraciones es indeterminada y vaga así como también mucho de la misma es de referencia y opinión. No siempre se exigió a los testigos que informaran acerca del origen de su conocimiento cuando era claro que ellos no podían tener conocimiento personal de algunos hechos. Pero no se hizo objeción alguna a ninguna parte de la prueba y como no se impugnó la credibilidad de los testigos estamos obligados a considerar las declaraciones como probatorias y darle algún crédito a menos que de ellas mismas aparezca su improbabilidad.

La prueba del demandado consistió principalmente en declaraciones de personas que expresaron que los hechos no pudieron ocurrir según habían sido referidos, pues de ser así ellas hubieran tenido conocimiento de los mismos. Los testigos eran amigos y conocidos del demandado y uno de ellos, su hermano Salvador Tió. También ha dado fe el demandado a la veracidad de Margarita, llamándola a declarar como testigo suyo, y aunque ella declaró con respecto a algunos de los mismos hechos, a saber, que le facilitaba dinero, y a una conversación en la que dijo que le daría una casa, no se trató de modo alguno de impugnar su declaración. El demandado no declaró.

No trataremos de definir lo que constituye una declaración clara y convincente, pues los hechos de cada caso deben juzgarse por sí mismo. La regla establecida es principalmente una regla para la corte inferior. Debiendo estar en condiciones el tribunal de apelación de poder expresar que la corte inferior no debió haber declarado que la prueba fué clara y

·convincente. La mayor parte de las declaraciones fueron prestadas por parientes de la niña, siendo éstos los que por lo general conocen los asuntos que se relacionan con sus familiares y que a veces no son conocidos del público. Fácilmente podemos imaginarnos casos más fuertes. . Una parte ·de las declaraciones y especialmente una parte de la prestada por Bernabé Fajardo parece improbable. Por el contrario, la declaración de Margarita es muy limitada y restringida y lleva consigo las señales de verdad. No hay nada en esa de·claración que de suyo sea improbable, pudiendo decir lo mismo de la declaración del demandante. No es necesariamente el carácter aislado que tienen los actos públicos y privados de un hombre lo que determinaría si la prueba de filiación y reconocimiento es clara y convincente. Si un testigo declara de modo tal que no da lugar a dudas de ninguna clase que otro hombre reconoció ser el padre de un niño, y al considerar esta ·cuestión la corte inferior la resuelve a favor del niño, no podríamos revocar esa resolución meramente porque ese fué ·el único acto del padre. En el presente caso hubo prueba de las admisiones del demandado y de actos, que si son ciertas las declaraciones de los testigos, no podrían explicárse sino por la paternidad del demandado, y en el reconocimiento de la niña hecho por éste, y como ya hemos dicho, no fué impugnada la credibilidad de los testigos.

Hay otro aspecto de la cuestión. La Ley de Evidencia, artículo 102, Leyes de 1905, páginas 135 y 136, dispone lo siguiente:

"Todas las demás presunciones serán satisfactorias, sino fueren contradichas. Se denominan presunciones disputables y pueden controvertirse mediante otra evidencia. Corresponden a esta clase las siguientes:

"5. Que toda evidencia voluntariamente suprimida resultará adversa si se ofreciere.

"6. Que toda evidencia superior habrá de ser adversa."

Wigmore en su obra sobre Evidencia expresa que estos principios u otros análogos, son de aplicación cuando una

parte no declara teniendo la misma los mejores informes sobre los hechos. (Wigmore sobre Evidencia, art. 298.) También expresa Wigmore, que las circunstancias especiales de un caso pueden dar una explicación de la omisión de una parte en dar declaración. En este caso el demandante Fajardo declaró con respecto a una conversación, de importancia para el caso, que tuvo con el demandado. Se refirió Bernabé Fajardo a una conversación que hubo entre su padre y Tió, relatando Margarita varios hechos. El demandado pudo haber dado una explicación de todo, y en su contestación jurada niega la certeza de la demanda.

Sugiere Wigmore que en algunos Estados del Sur una sensación de delicadeza con relación a su honor puede impedir que un hombre se coloque en una situación que se dude de su palabra. Esta última consideración no es de aplicación aquí. Ya él había jurado, e hizo que su hermano y amigos declararan. Las cortes están abiertas a los litigantes y existen para evitar o remediar agravios, y según dicen las autoridades citadas por Wigmore, la función principal de las mismas es la investigación de la verdad. Un demandado puede negarse a declarar a su propio riesgo. En este caso la corte en vista de la prueba que se le mostró, estuvo justificada en formar una deducción contraria por la omisión de Tió en prestar declaración.

En el informe oral se hizo alguna referencia al caso de *Negueruela et al.* v. *Samohano et al.*, sentencia de esta corte de octubre de 1910. En ese caso se dictó sentencia en contra de los derechos del hijo natural y hubo contradicción en la prueba. Además el padre había muerto habiendo nacido el supuesto hijo después de la muerte de aquél, resolviendo esta corte que no existió prueba satisfactoria con respecto al concubinato. Los hechos y las condiciones de ese caso eran muy distintos del que ahora consideramos.

Existe un error en los autos. El demandante no era un extraño de Margarita y no tenía derecho a ser reembolsado

por los gastos que había hecho.   El artículo 1795 del Código Civil revisado dispone:

"Cuando sin conocimiento del obligado a prestar alimentos, los diese un extraño, éste tendrá derecho a reclamarlos de aquél, a no constar que los dió por oficio de piedad y sin ánimo de reclamarlos.

"Los gastos funerarios proporcionados a la calidad de la persona y a los usos de la localidad deberán ser satisfechos, aunque el difunto no hubiese dejado bienes, por aquellos que en vida habrían tenido la obligación de alimentarle."

Un tío no es un extraño según el significado de este artículo.

La sentencia debe ser modificada en cuanto a las sumas invertidas y confirmada en los demás particulares.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociado, del Toro.

Los Jueces Asociados Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.