## BITHORN ET AL. *v.* BALL ET AL.

## APPEAL from the District Court of Arecibo.

### No. 659.—Decided May 8, 1911.

CHANGE OF VENUE—ACTION TO DETERMINE VALIDITY OF WILL—WRITTEN PETITION TO COURT.—According to section 82 of the Code of Civil Procedure, the written petition for a change of *venue* should be addressed to the court which is empowered to grant or deny the same, and not to the adverse party.

ID.—ERRONEOUS GROUNDS OF DECISION—DECISION JUSTIFIED ON OTHER GROUNDS—POWERS OF SUPREME COURT.—Although the grounds of a decision appealed from may be erroneous, the Supreme Court has power to examine as to whether such decision is justified on other grounds conforming to law.

ID.—CONSTRUCTION OF STATUTE—ACTIONS ON VALIDITY OF WILLS—JURISDICTION OF DISTRICT COURTS.—Section 66 of the Law of Special Legal Proceedings, as amended by the act of March 8, 1906, does not deprive district courts other than that of the district wherein the deceased last resided, or of the district wherein the greater part of his property is situated, of jurisdiction in actions on the validity of wills.

ID.—ACTIONS ON VALIDITY OF WILLS—PROVISIONS OF CODE OF CIVIL PROCEDURE.—All the provisions of the Code of Civil Procedure in regard to filing the complaint, the commencement, summons, answer, change of *venue*, demurrer, trial, and so forth, govern and are applicable to actions to determine the validity of wills which are mentioned in section 66 of the Law of Special Legal Proceedings, approved March 9, 1905.

OBITER DICTUM.—The paragraph of the opinion delivered by this court in the case of *Fajardo* v. *Tió*, 17 P. R., 220, decided February 24, 1911, constitutes *obiter dictum*, and reads as follows: "This is not the affidavit of merits to which section 82 refers. An affidavit of merits is one in which the affiant sets forth sufficient facts to permit the court to see that he has a good defense to the action."

ID.—SUFFICIENCY OF AFFIDAVIT OF MERITS—OPINION OF COUNSEL—GOOD DEFENSE TO ACTION.—The affidavit of merits requesting the transfer of an action wherein it is alleged that the defendant has faithfully stated the facts of the case to his counsel, and that in the opinion of the latter the former has a good defense on the merits of his action, is sufficient and a full compliance with the requirements of the Code of Civil Procedure on the subject.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellants.

*Mr. Rafael López Landrón* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was brought to set aside a will. A motion was made by the defendants to change the *venue* from the District Court of Arecibo to the District Court of San Juan.

This motion was based on section 66 of the Law of Special Legal Proceedings and on sections 81 *et seq.* of the Code of Civil Procedure. It is stated in the motion that an affidavit of merits is attached to the motion, and that the will and a certificate of death will be presented at the proper time, and that the demurrer to the complaint is filed at the same time with the motion. The motion further alleges that the legal ground thereof is that the last domicile of the testator, Bernardo Huicy, was San Juan and not Arecibo, as shown by the affidavit, and that the greater part of the property of the deceased is situated in San Juan, that city also being the residence of most of the defendants.

The resolution entered October 22, 1910, denying this motion, reads as follows:

"*Oscar* and *Waldemar Bithorn et al.* v. *Adolfo Ball et al.* Nullity of a will. This being the day set for the hearing of the motion presented for the transfer of this suit to another court, the attorney, Mr. Félix Santoni, appears in substitution of Attorney José Tous Soto, the plaintiffs having made no appearance. Attorney Santoni submitted said motion on its merits to the court, and the court rendered the following decision: 'The court is of the opinion that, in accordance with section 82 of the Code of Civil Procedure, should the defendant desire to ask for a change of *venue*, he must file an affidavit of merits in reference to the matters of defense, requesting in writing the transfer from the opposite party. The notice of the motion for a change of *venue* is not the request required by the law. A written petition is necessary in order that the order making the transfer of the case may be valid, and so it has been decided by the Supreme Court of California in the cases of *Estrada* v. *Oreña,* 54 Cal., 407; *Byrne* v. *Byrne,* 57 Cal., 348; *Warner* v. *Warner,* 100 Cal., 11.' It does not appear from the record that the defendant had asked in writing from the opposite party the transfer of the cause, as is provided in the aforesaid section 82 of the Code of Civil Procedure. For the reasons stated the motion is dismissed."

From this order the appeal was taken to this court, which we now have under consideration. It will be observed that this motion was denied because it does not appear from the

record that the defendant has solicited in writing from the other party the transfer of the case, as is said to be required by section 82 of the Code of Civil Procedure. That section provides that the case shall be tried where it is filed, unless the defendant files an affidavit of merits and demands in writing that the trial be had in the proper district. The trial court evidently holds that this demand must be made on the opposing party to the suit. Three California cases are cited to support this construction of the statute. They are *Estrada* v. *Oreña,* 54 Cal., 407; *Byrne* v. *Byrne,* 57 Cal., 348, and *Warner* v. *Warner,* 100 Cal., 11. The California statute in this particular reads like our own. (Pomeroy's Code of Civil Procedure, sec. 396.) These cases above mentioned do not support the interpretation given by the trial court to our statute. They merely decide that the demand must be made in writing, and that notice of the motion does not satisfy the statute. They do not say that the demand must be made on the opposing party to the suit. Such a construction does not commend itself to our good judgment, because the demand should be made on some person or tribunal that has the power to grant it, which the plaintiffs in this case have not; but the trial court has the authority to make the change of *venue,* and to that tribunal the demand should be addressed. It is true that the word "demand," as used in the statute, is not very apt or appropriate, and "ask" or "request" or "solicit" would be a better word, but, nevertheless, the demand should be addressed to the court, which may grant or refuse it according to circumstances. But it sometimes happens that an order of a court, though made for an erroneous cause, may be a correct ruling. Then, although the reason given for the refusal of this motion to change the *venue* by the trial court may be, and is in our opinion, unsound, let us see if it is justified or not on other grounds.

First it is suggested that this case falls under section 66 of the Porto Rican Law of Special Legal Proceedings,

and is not governed at all by our Code of Civil Procedure. Let us see. Under our statute a suit like the present, involving the validity of a will, should be filed in the district court having territorial jurisdiction over the last residence of the testator, or over the place where the greater part of his property is situated. (Law of Special Legal Proceedings, sec. 66, Sess. Acts 1905, p. 152.) This would fix the *venue* in the present case in the city of San Juan. Although the Law of Special Legal Proceedings was passed later than the Code of Civil Procedure, can it be held to modify the former law to such an extent as to oust the jurisdiction entirely of the court of general jurisdiction in which the case may have been improperly filed, and to require its removal regardless of the provisions of sections 81, 82, and 83 of the Code of Civil Procedure? We think not. The Law of Special Legal Proceedings does not absolutely deny jurisdiction to any other court, but simply makes the domiciliary court the proper one in which to file the suit to contest the validity of a will. (Laws of 1905, sec. 66, p. 152.)

Suppose that a man lives and dies and has all his property in Aguadilla, but that all his heirs live in San Juan. Are the latter incapacitated from giving jurisdiction to the District Court of San Juan? By no means. Suppose such a case to have been filed in Aguadilla. May not the convenience of witnesses permit its transfer to San Juan? Certainly; beyond doubt. If a case may be transferred, or, in other words, if the provisions of section 83 of the Code of Civil Procedure may in such a case be invoked, is the matter of a contested will, mentioned in the law of 1905, an example of anything more than legislation *in pari materia* of the provisions of Title V, sections 75, 76, 77, 78, etc., of the Code of Civil Procedure? It seems not. Can section 66 of the Law of Special Legal Proceedings be regarded as doing anything more than adding another case to those already enumerated in which an action may be brought? Certainly not. The language of the Code of Civil Procedure is even

more imperative. It requires, in section 75, that an action must be tried in such a district, subject to the power of removal. As the action mentioned in section 66 of the Law of Special Legal Procedings must be subject to all the provisions of the Code of Civil Procedure in regard to filing the complaint, the commencement, summons, answer, demurrer, trial, and so forth, it should surely not be excluded from the beneficial operation of the provisions. of sections 82 and 83. On close examination we find that section 83 refers to all the cases mentioned in section 82, and more besides. Section 83 is a mere amplification, for purposes of exhaustive classification, of the proviso of section 82, namely, that the action may be tried in the district where it is commenced "unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper district." Hence, we think that the Law of Special Proceedings and the Code of Civil Procedure should be construed together and harmonized; so that we arrive at the conclusion that this case, and others like it, should be held to fall under the purview of sections 82 and 83 above mentioned, and that an affidavit of merits must accompany the motion for a change of *venue* or removal. And, besides, there is nothing in the law of 1905 ·which, when properly construed, takes the contest of a will out of the provisions of section 50 of the Code of Civil Procedure where an action is defined. It is clearly an action as that term is construed by the statute. Then we conclude, also for this reason, that the action described in section 66 of the Law of Special Legal Proceedings of 1905 is governed for all purposes by the Code of Civil Procedure, and that sections 82 and 83 thereof are applicable to the case at bar.

It must not be forgotten, however, that an affidavit of merits must be filed by the defendant at the time he appears

and answers or demurs. The paper filed herein, as an affidavit of merits, reads in these words:

"Affidavit of merits. I, Adolfo Ball y Huicy, solemnly swear that I am one of the defendants in this case and the only one residing at Arecibo; that the other defendants reside and have their domicile in the city of San Juan, within the judicial district of same name; that Bernardo Huicy died at Miramar in Santurce, of the jurisdiction of San Juan, which was the last domicile of the deceased; that most of the properties left by Bernardo are and were situated at the time of his death within the municipal judicial district of San Juan, they being composed principally of shares of the telephone companies in said city and of a lot in Miramar; that the defendants have faithfully and completely stated the facts of this case to their attorney, Mr. José Tous Soto, who is of opinion that we have a good defense on the merits against the present complaint."

Can this be considered a compliance with the statute? The affidavit unequivocally declares "that the defendants have faithfully and completely stated the facts of this case to their attorney (naming him), who is of the opinion that we have a good defense on the merits against the present complaint." Section 82 of our Code of Civil Procedure, requiring that the mover, when demanding a change of *venue,* shall file an affidavit of merits, is copied from the California Code of Civil Procedure, section 396. (See 3 Pomeroy, p. 141.) Then, of course, we may look to the California decisions for an interpretation of the statute. (*Sarie* v. *Porto Rican Leaf Tobacco Co.* [15 P. R., 190], decided by this court on April 12, 1909.) A line of cases in that State holds that affidavits such as that before us, and even those more meagre, are sufficient to satisfy the requirements of the statute. (See *Woodward* v. *Backus,* 20 Cal., 141; *Nickerson* v. *California Raisin Co.,* 61 Cal., 268; *Watkins* v. *Degener,* 63 Cal., 500; *Buell* v. *Dodge,* 63 Cal., 553; *Rathgeb* v. *Tiscornia,* 66 Cal., 96, and *Nolan* v. *Duffie,* 125 Cal., 334.)

In several cases this court has considered questions of change of *venue,* but in none of them has the precise point

presented here been directly considered and decided. On March 25, 1909, we had under consideration the case of *Arzuaga & Co.* v. *Aramburu,* 15 P. R., 165, but the ground on which the transfer was asked was the convenience of witnesses, and the affidavit of merits, although one was filed, was not considered. In the case of *Sarie* v. *Porto Rican Leaf Tobacco Co., supra,* decided by this court on April 12, 1909, there was no affidavit of merits filed, but the trial court held that the sworn answer was equivalent to it and the opinion of this court seems to sustain that view. The case of *Río* v. *Vázquez,* 16 P. R., 768, decided on the 21st of last December, was one involving a change of *venue;* but no affidavit of merits was presented in the case and its sufficiency does not arise. In the case of *Fajardo* v. *Tió,* 17 P. R., 220, in which an opinion was rendered by this court on the 24th of last February, an affidavit purporting to be one of merits was filed and held by us to be insufficient because it merely stated that the defendant lived in another district. The opinion states "this is not the affidavit of merits to which section 82 refers. The affidavit of merits is one in which the affiant sets forth facts sufficient to permit the court to see that he has a good defense to the action." The cases of *Buell* v. *Dodge* and *Nickerson* v. *California Raisin Company,* from California, are cited as sustaining this proposition. A closer examination of those cases shows that they do not so decide, and that the proposition announced is broader than the California cases warrant. If we follow the California jurisprudence we must confine the proposition announced in the *Fajardo* v. *Tió* case to such affidavits as are presented independent of the advice of counsel, and exclude cases like that presented in the affidavit now under consideration. This we may properly do since, in the last Porto Rican case mentioned, really no affidavit of merits was presented at all, and the proposition quoted from the opinion was in fact an *obiter dictum.*

The cases from our own court thus briefly reviewed are

the only ones which we have been able to find involving a change of *venue,* or at least in which an affidavit of merits is discussed. Then we are constrained to follow the California cases and to hold that an affidavit which sets out that the defendant has faithfully stated to his attorney the facts of the case, and that in the opinion of his counsel he has a good defense on the merits to the complaint, is a full compliance with the requirements of our statute on that subject.

Then the defendants and appellants having fully complied with the requirements of the statutes governing changes of *venue* should have prevailed in the court below.

For the reasons herein stated the resolution denying the motion for a transfer to another district from which this appeal was taken must be reversed, and the change of *venue* should be granted.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.