BITHORN ET AL. *v.* BALL ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 659.—Resuelto en mayo 8, 1911.

TRASLADO DE UN CASO A OTRO DISTRITO—ACCIONES PARA DETERMINAR LA VALIDEZ DE UN TESTAMENTO—PETICIÓN ESCRITA DIRIGIDA A LA CORTE.—De acuerdo con el artículo 82 del Código de Enjuiciamiento Civil la petición escrita interesando el traslado de un pleito de un distrito a otro, debe dirigirse a la corte que es la que tiene facultades para concederlo o denegarlo, y no a la parte contraria.

ID.—FUNDAMENTOS ERRÓNEOS DE UNA RESOLUCIÓN—RESOLUCIONES AJUSTADAS A DERECHO POR OTROS FUNDAMENTOS—FACULTADES DEL TRIBUNAL SUPREMO.— Aún cuando el fundamento en que descansa la resolución apelada sea erróneo,

el Tribunal Supremo tiene facultades para examinar si dicha resolución está justificada por fundamentos distintos ajustados a derecho.

Id.—Interpretación de Ley—Acciones Sobre Validez de Testamentos—Jurisdicción de las Cortes de Distrito.—El artículo 66 de la Ley de Procedimientos Legales Especiales tal como quedó enmendado por ley de marzo 8, 1906, no priva a las cortes de distrito que no sean la del distrito del último domicilio del finado, o del distrito en donde radican la mayor parte de sus bienes de jurisdicción para conocer de acciones sobre validez de testamentos.

Id.—Acciones Sobre Validez de Testamentos—Preceptos del Código de Enjuiciamiento Civil.—Todas las disposiciones del Código de Enjuiciamiento Civil referentes a la presentación de la demanda, iniciación de la acción, emplazamientos, contestación, traslado del pleito, excepciones previas, juicio, etc., rigen y son aplicables a las acciones para determinar la validez de testamentos mencionados en el artículo 66 de la Ley de Procedimientos Legales Especiales de marzo 9, 1905.

Obiter Dictum.—Constituye *obiter dictum* el párrafo de la opinión emitida por este tribunal en el caso de *Fajardo* v. *Tió*, resuelto en febrero 24, 1911, concebido en los siguientes términos: "ésta no es la declaración jurada y fundada a que hace referencia el artículo 82. La declaración jurada y fundada es una en que el que la suscribe expone hechos bastantes que permitan a la corte ver que él tiene una buena defensa en la acción."

Id.—Suficiencia de la Declaración Jurada Fundamentada ("Affidavit of Merits")—Opinión del Abogado—Buena Defensa de la Acción.—Es suficiente y cumple con los requisitos del Código de Enjuiciamiento Civil sobre la materia, la declaración jurada fundamentada interesando el traslado de un pleito en la cual se alega que el demandado ha expuesto fielmente a su abogado los hechos del caso y que, según su opinión, el demandado tiene una buena defensa de los méritos de la acción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Tous Soto.*

Abogado de los apelados: *Sr. Rafael López Landrón.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este pleito fué establecido para anular un testamento. Los demandados presentaron una moción solicitando el traslado del caso de la Corte de Distrito de Arecibo a la de San Juan. La moción se fundaba en el artículo 66 de la Ley de Procedimientos Legales Especiales, y en el artículo 81 y siguientes del Código de Enjuiciamiento Civil. Se expresa en la moción que la misma va acompañada de una declaración jurada y fundada y que el testamento y certificación de defunción se presentarán oportunamente; adjuntándose a la vez las excepciones previas que se alegan contra la demanda. Alega

además la moción, que el fundamento legal de la misma es
que el último domicilio del testador Bernardo Huicy fué San
Juan y no Arecibo, según resulta de la referida declaración
jurada, radicando en San Juan la mayor parte de los bienes
del finado, siendo también esa ciudad el domicilio de la mayor
parte de los demandados.

La resolución dictada en 22 de octubre de 1910, decla-
rando sin lugar la moción es como sigue:

"*Oscar y Waldemar Bithorn et al.* v. *Adolfo Ball Huicy et al.*
Nulidad de testamento. Siendo el día señalado para la vista de la
moción de traslado presentada en este caso, compareció el abogado Don
Félix Santoni sustituyendo al compañero Don José Tous Soto, sin que
compareciera la representación de los demandantes. El abogado Sr.
Santoni sometió por sus propios méritos la referida moción a la con-
sideración de la corte, la que dicta la siguiente resolución: 'Entiende
la corte que de acuerdo con el artículo 82 del Código de Enjuicia-
miento Civil, si el demandado desea cambiar el lugar del juicio, debe
presentar declaraciones juradas sobre los méritos de su defensa y de-
mandar por escrito el traslado de la otra parte. La notificación de
la moción para cambiar el lugar del juicio no es la demanda que la
ley exige. Una demanda por escrito es esencial para la validez de una
orden cambiando el lugar del juicio, según lo tiene declarado el Tri-
bunal Supremo de California en los casos de *Estrada* v. *Oreña,* 54
Cal., 407; *Byrne* v. *Byrne,* 57 Cal., 348; *Warner* v. *Warner,* 100 Cal.,
11. No consta de los autos que el demandado haya solicitado por
escrito, de la otra parte, el traslado de la causa, según preceptúa el
referido artículo 82 del Código de Enjuiciamiento Civil. Por las
razones expuestas, la corte declara sin lugar la moción presentada por
los demandantes.' "

Se interpuso apelación contra la expresada resolución para
ante esta corte, la que ahora está sometida a nuestra consi-
deración. Deberá notarse que esta moción fué denegada por
no constar de los autos que el demandado haya solicitado
por escrito de la otra parte, el traslado de la causa, según
preceptúa el artículo 82 del Código de Enjuiciamiento Civil.
Ese artículo dispone que el juicio se celebrará en el lugar
en que se establezca la demanda, a menos que el demandado

presente una declaración jurada y fundada, y pida, por escrito, que el juicio se celebre en el distrito correspondiente. Es evidente que la corte inferior sostiene que esta petición debe hacerse a la parte contraria en la acción. Se citan tres casos de California en apoyo de esta interpretación del estatuto. Ellos son los de *Estrada* v. *Oreña,* 54 Cal., 407; *Byrne* v. *Byrne,* 57 Cal., 348, y *Warner* v. *Warner,* 100 Cal., 11. Con respecto a este particular, el estatuto de California es igual al nuestro. (Código de Enjuiciamiento Civil de Pomeroy, art. 396.) Estos casos que hemos mencionado no sostienen la interpretación que la corte inferior da a nuestro estatuto, expresando simplemente que la petición debe hacerse por *escrito;* no siendo suficiente la notificación de la moción para que se cumpla con el estatuto. En ellos no se dice que la petición deba hacerse a la parte contraria en el pleito. A nuestro juicio tal interpretación no es digna de aprobación, porque la petición debe hacerse a alguna persona o tribunal que tenga facultad para concederla, facultad que en este caso no tienen los demandantes; pero la corte inferior está facultada para ordenar el traslado de la causa, y es a ese tribunal a quien debe dirigirse la solicitud. Es verdad que la palabra *pedir,* según la emplea el estatuto, no es muy propia o adecuada, y sería mejor usar cualquiera de las palabras rogar, exigir o solicitar, pero sin embargo, la *petición* debe dirigirse a la corte que pueda concederla o negarla, según las circunstancias del caso. Pero sucede a veces, que aunque la resolución que una corte dicte esté fundada en un motivo erróneo, puede no obstante, ser una resolución correcta. Por consiguiente, aunque la razón expresada por la corte inferior para negar esta moción en la que se solicita el traslado del juicio, pueda ser, como lo es en este caso, a nuestro juicio, infundada, veamos si está o nó justificada por otros fundamentos.

En primer lugar, se sugiere que este caso está comprendido en el artículo 66 de la Ley de Procedimientos Legales Especiales de Puerto Rico y no se rige en absoluto por nues-

tro Código de Enjuiciamiento Civil. Veámoslo. Según nues-
tros estatutos un pleito como el presente, que envuelve la
validez de un testamento, debe entablarse en la corte de dis-
trito que tenga jurisdicción territorial sobre la última resi-
dencia del testador o sobre el sitio donde radican la mayor
parte de sus bienes. (Ley de Procedimientos Legales Espe-
ciales, art. 66; Leyes de la Sesión de 1905, pág. 152.) Este
fijaría la jurisdicción en el presente caso en la ciudad de San
Juan. Aunque la Ley de Procedimientos Legales Especiales
es posterior al Código de Enjuiciamiento Civil, ¿puede de-
clararse que modifica a la anterior ley de tal modo que prive
completamente de jurisdicción a las cortes de jurisdicción
general, en donde el caso puede haberse presentado indebida-
mente, y exigir su traslado sin tener en cuenta las disposi-
ciones de los artículos 81, 82 y 83 del Código de Enjuicia-
miento Civil? Creemos que nó. La Ley de Procedimientos
Legales Especiales no niega de modo absoluto la jurisdicción
de cualquier otra corte, sino simplemente expresa que la corte
del domicilio del finado es donde se debe seguir la acción para
determinar la validez de un testamento. (Art. 66, pág. 152,
Leyes de 1905.)

Supongamos que un hombre resida y muera en Aguadilla,
donde tiene todas sus propiedades pero que todos su here-
deros vivan en San Juan. ¿Están éstos incapacitados para
dar jurisdicción a la Corte de Distrito de San Juan? De
ningún modo. Supongamos que el caso se estableció en Agua-
dilla, ¿no puede dicho caso ser trasladado a San Juan por
conveniencia de los testigos? Sin duda alguna. Si un caso
puede ser trasladado, o en otras palabras, si las disposiciones
del artículo 83 del Código de Enjuiciamiento Civil pueden ser
invocadas, ¿no es la cuestión referente a la eficacia de un tes-
tamento, mencionada en la ley de 1905, sino un ejemplo de le-
gislación en *pari materia* de las disposiciones del Título V
(arts. 75, 76, 77, 78, etc.) del Código de Enjuiciamiento Civil?
Parece que nó. ¿Puede considerarse el artículo 66 de la Ley de
Procedimientos Legales Especiales como que tiene otro efecto

que no sea el de agregar otro caso a los ya enumerados en los que puede establecerse una acción? Ciertamente que nó. El texto del Código de Enjuiciamiento Civil es todavía.más imperativo. Dispone en su artículo 75, que un juicio puede celebrarse en tal distrito sujeto a la facultad de poder ser trasladado. Como la acción mencionada en el artículo 66 de la Ley de Procedimientos Legales Especiales debe estar sujeta a todas las disposiciones del. Código de Enjuiciamiento Civil con respecto a la presentación de la demanda, el principio, citaciones, contestación, excepciones previas, celebración del juicio, etc., no debe seguramente estar excluída del efecto benéfico de las disposiciones de los artículos 82 y 83. De un examen detenido encontramos que el artículo 83 se refiere a todos los casos especificados en el artículo 82, y a otros más. El artículo 83 es una simple ampliación para los fines de una completa clasificación de lo dispuesto en el artículo 82, o sea que el juicio puede celebrarse en el distrito en que se establece "a menos que el demandado, al comparecer y contestar o formular excepciones, presente una declaración jurada y fundada, y solicite por escrito, que el juicio se celebre en el distrito correspondiente." Por tanto, creemos que la Ley de Procedimientos Legales Especiales y el Código de Enjuiciamiento Civil, deben interpretarse conjuntamente y ser harmonizados; de modo que llegamos a la conclusión de que este caso y otros análogos, deben considerarse como comprendidos en las prescripciones de los artículos 82 y 83 mencionados anteriormente, debiéndose agregar a la moción en la que se solicita el cambio o traslado de la causa la declaración jurada y fundada. Además, no existe nada en la ley de 1905, que interpretada debidamente exima la controversia de un testamento del efecto de las disposiciones del artículo 50 del Código de Enjuiciamiento Civil en donde se define lo que es una acción. Esta es evidentemente una acción, según ese término se interpreta en el estatuto. Entendemos, finalmente, también por esta razón, que la acción definida en el artículo 66 de la Ley de Procedimientos Legales Especiales de 1905,

se rige para todos sus fines por el Código de Enjuiciamiento Civil, y que los artículos 82 y 83 de la misma son de aplicación al presente caso.

No debe olvidarse, sin embargo, que el demandado debe presentar una declaración jurada y fundada al comparecer y presentar su contestación o excepciones previas. El documento presentado en este caso como una declaración jurada y fundada, es como sigue:

"*Affidavit* de méritos.. Yo Adolfo Ball y Huicy, juro solemnemente: que soy uno de los demandados en este caso, y el único que reside en Arecibo, que todos los demás demandados residen y tienen su domicilio en la ciudad de San Juan, dentro del distrito judicial del mismo nombre; que Bernardo Huicy falleció en Miramar, sitio de Santurce del término de San Juan donde tuvo su último domicilio; que la mayor parte de los bienes dejados por Bernardo Huicy se encuentran y se encontraban en el momento de su fallecimiento en el término municipal del Distrito Judicial de San Juan, consistiendo principalmente en acciones de la Compañía de Redes Telefónicas de dicha ciudad y en un solar en Miramar; que los demandados han expuesto fiel y completamente los hechos de este caso a su abogado Don José Tous Soto y en opinión de éste, tenemos una buena defensa en los méritos contra la presente demanda."

¿Puede considerarse que con esto se ha cumplido con el estatuto? La declaración jurada expresa de modo inequívoco "que los demandados han expuesto fiel y completamente los hechos de este caso a su abogado," haciendo mención de su nombre, "quien es de opinión que tenemos una buena defensa en los méritos, contra la presente demanda." El artículo 82 del Código de Enjuiciamiento Civil que exige que el demandado cuando solicite el traslado del juicio, presente una declaración jurada y fundada, es una copia del artículo 396 del Código de Enjuiciamiento Civil de California. (Véase a 3 Pomeroy pág. 141.) Por lo tanto, debemos examinar las decisiones de California para poder hacer una interpretación del estatuto. (*Bonilla* v. *Porto Rico Leaf Tobacco Co.,* resuelto por este tribunal en 12 de abril de 1909.) Un gran número de casos de este Estado sostienen que una declaración jurada

como la que está sometida a nuestra consideración y aún otras más pobres, son suficientes para que se cumpla con los requisitos del estatuto. (Véase a *Woodward* v. *Backus,* 20 Cal., 141; *Nickerson* v. *California Raisin Co.,* 61 Cal., 268; *Watkins* v. *Degener,* 63 Cal., 500; *Buell* v. *Dodge,* 63 Cal., 553; *Rathgeb* v. *Tiscornia,* 66 Cal., 96; y *Nolan* v. *Duffie,* 125 Cal., 334.)

En varios casos este tribunal ha considerado cuestiones referentes a traslados de causas, pero en ninguno de ellos se ha considerado y resuelto de modo directo la cuestión que precisamente se ha presentado en este caso. En 25 de marzo de 1909, tuvimos sometido a nuestra consideración el caso de *Arzuaga y Co.* v. *Aramburu,* pero el fundamento que se alegó para que se trasladara' el pleito fué el de la conveniencia de los testigos, y aunque fué presentada una declaración jurada y fundada, no se consideró por este tribunal. En el caso de *Bonilla* v. *Porto Rico Leaf Tobacco Co.,* resuelto por esta corte en 12 de abril de 1909, no se presentó ninguna declaración jurada y fundada, pero la corte sentenciadora fué de opinión que la contestación jurada suplía a dicha declaración jurada, opinión que parece estar sostenida por la de este tribunal. El caso de *Río* v. *Vázquez,* resuelto en veinte y uno de diciembre último, era uno en que se trataba del traslado de la causa, pero no se presentó ningún *affidavit of merits* no surgiendo en dicho caso la cuestión referente a la suficiencia del mismo. En el caso de *Fajardo* v. *Tió,* este tribunal emitió una opinión en 24 de febrero último, en la que declaraba que la declaración jurada presentada como un *affidavit of merits* era insuficiente, porque simplemente expresaba que el demandado vivía en otro distrito. En la 'opinión se dice: ''Esta no es la declaración jurada y fundada a que hace referencia el artículo 82. La declaración jurada y fundada es una en que, el que la suscribe expone hechos bastantes que permitan a la corte ver que él tiene una buena defensa en la acción.'' Los casos de *Buell* v. *Dodge* y *Nickerson* v. *Cal. Raisin Co.,* de California, se citan en apoyo de esta proposición. Pero de un examen más

detenido de dichos casos, se verá que no se resuelve así la cuestión; y que la proposición enunciada es más amplia de la que justifican los casos de California. Si seguimos la jurisprudencia de California, debemos circunscribir la proposición enunciada en el caso de Fajardo a las declaraciones juradas que se presenten, sin tomar en consideración la cuestión relativa a la opinión del abogado y excluir los casos como el que se ha presentado en la declaración jurada que ahora consideramos. Podemos propiamente hacer esto, puesto que en el último caso de Puerto Rico que se ha mencionado, no fué presentada en absoluto ninguna declaración jurada y fundada, y la proposición transcrita de la opinión fué realmente un *obiter dictum.*

Los casos de nuestro tribunal que brevemente hemos examinado son los únicos que hemos podido encontrar en donde se trate de traslado de causas, o por lo menos en que se discuta lo que es una declaración jurada y fundada. Por tanto, estamos obligados a seguir los casos de California y a declarar, que una declaración jurada que exprese que el demandado ha expuesto fielmente a su abogado los hechos del caso, y que, según la opinión de su abogado, tiene una buena defensa en los méritos, contra la demanda, es una en que se cumple con todos los requisitos de nuestro estatuto sobre la materia.

Por tanto, habiendo cumplido los demandados y apelantes con todos los requisitos de los estatutos que rigen los traslados de causas, debieron haber alcanzado éxito en la corte inferior. Por las razones expresadas en esta opinión, la resolución negando la moción en la que se solicitaba el traslado a otro distrito, y contra la cual se ha interpuesto esta apelación, debe revocarse y concederse el traslado solicitado.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.