Donai-iue, J.
At the date of the filing of the transcript from the magistrate’s court in the court of common pleas, to-wit, December 17, 1912, Section 10 of Article I of the Constitution of Ohio provided, among other things, as follows: “Nor shall any person be compelled, in any criminal case, to be a witness against himself.”
Section 13661, General Code, which was then in full force and effect, provided that “On the trial of indictments, complaints, and other proceedings against a person charged with an offense, such person at his own request shall be a competent witness. The neglect or refusal of such person to testify shall not create a presumption against him, nor shall reference be made to, nor comment made upon such neglect or refusal.”
The amendment to the constitution, which went into effect January 1, 1913, substantially changed 1Un mnstilTitional provision in this respect by providing in the amendment to Section 10, Article I, *205 among other things, the following: “No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be made the subject of comment by counsel.”
It follows, therefore, that if this amendment to the constitution applies to this case, the trial court did not err in instructing the jury that “The failure of the defendant to take the stand in his own behalf is a circumstance which you may take into consideration in connection with all the evidence and circumstances of the case, to determine whether he is guilty of the crime charged. But if upon a consideration of all the evidence and circumstances of the case, including that of his failure to testify, you entertain a reasonable doubt of defendant’s guilt, then the mere fact that he failed to testify should not operate to the prejudice of the defendant.”
It is contended on behalf of the defendant in error that the general schedule to these amendments to the constitution takes this case out of the operation of these amendments, notwithstanding the same went into effect on the 1st day of January, 1913, and before the indictment was returned by the grand jury. This schedule provides, among other things, that “All laws then in force, not inconsistent therewith shall continue in force until amended or repealed; provided that all cases pending in the courts on the first day of January, 1913, shall be heard and tried in the same manner and by the same procedure as is now authorized by law. Any provision of the amendments passed *206 and submitted by this convention and adopted by the electors, inconsistent with, or in conflict with, any provision of the present constitution, shall be held to prevail.”
The provisions of Section 13661, General Code, are undoubtedly in direct conflict with the provisions of Section 10, Article I of the Constitution, as amended, and under the rule stated in the case of Cass v. Dillon, 2 Ohio St., 607, as well as the provisions of the schedule itself, this statute must be held to be repealed by implication, but notwithstanding that fact the general schedule provides in no uncertain terms that all cases pending in the courts on the 1st day of January, 1913, shall be heard and tried in the same manner and by the same procedure as is now authorized by law. Therefore, as to the cases pending upon that day this section must be given full force and effect
The important question presented by this record is whether or not this case was pending on the 1st day of January, 1913. If it was pending on that date, then Section 13661 applies, and the charge of the trial court was erroneous. If this case was not pending on the 1st day of January, 1913, then this section of the statutes has no application and the provision of the amended constitution con • trols. This question is practically settled in the case of Hartnett v. State, 42 Ohio St., 568. In that case this court held: “When a person is arrested and duly committed for a crime, for which he is thereafter indicted, the prosecution for that crime is pending within the meaning of Rev. Stats., Section 79, as soon as he is arrested and committed.”
*207 It follows that if a prosecution for crime is a case within the meaning of the general schedule to the amendments to the constitution then this case was pending on the 1st day of January, 1913. A prosecution for crime is adversary in its nature and comes within the legal definition of the word “case.”
Chief Justice Marshall, while a member of congress, in a debate in relation to the case of Jonathan Robbins, 5 Wheat. (Appendix 17), defines case in this language: “There must be parties to come into court, who can be reached by its process, and bound by its power; whose rights admit of ultimate decision by a tribunal to which they are bound to submit.”
“A case is in one sense, ‘A question contested before a court of justice.’ ” Southwick v. Southwick, 49 N. Y., 510.
“A case is a suit in law or equity, instituted according to the regular course of judicial proceedings.” Pacific Steam Whaling Co. v. United States. 187 U. S., 447.
“ ‘Case’ is defined to be a question contested before a court of justice in an action or suit at law or in equity.” Buell v. Dodge, 63 Cal., 553. Kundolf v. Thalheimer, 12 N. Y. (2 Kern), 593.
The prosecution was instituted according to the regular course of proceedings, and the filing of the transcript from the docket of the justice of the peace in the common pleas court vested that court with jurisdiction to hear and determine all questions arising therein, independent of whether an indictment was returned or otherwise* *208 The return of an indictment is but an incident in the progress of the prosecution. The prosecution is commenced in the common pleas court by filing the transcript from the magistrate’s court.
Of course, this is only one way in which prosecutions for crime may be commenced. The accused may be arrested and discharged by the examining magistrate, yet the grand jury would have the right to inquire into the offense, or where there has been neither an arrest nor a commitment, the grand jury may call witnesses before it and inquire into the probable guilt of the accused, the same as if he had been recognized to the common pleas court or committed to the jail of the county to await the action of the grand jury, and in either case, where no transcript is filed, the prosecution would not be deemed commenced until the return of the indictment into the court.
The question as to whether this prosecution was a case pending in the common pleas court is fully answered by the language of Section 13529, General Code, which section requires the clerk of the court, when the transcript or recognizance is received by him, to enter the case upon the appearance docket of the court with the date of filing such transcript or recognizance. This statute does not call it a proceeding or a prosecution, but designates it a case when the transcript is filed with the clerk of the court. The framers of the amendments and schedule to the constitution must be presumed to have known the statutory law of this state, and, therefore, when they used the word case, they are presumed to have known that the statutes *209 of this state designated a criminal prosecution as a case upon the filing of the transcript from the examining magistrate with the clerk of the court of common pleas. Other sections of the statutes are in line with this construction. Section 13554, General Code, requires the clerk before the'first day of each term of court at which a grand jury is summoned to appear, to make a list of the names of persons appearing, by the returns of the magistrate, to have been committed or bailed during the vacation of the court. All further proceedings in the action must be had in the court in which the transcript of the examining magistrate is filed. Where the accused fails to appear the recognizance Í3 forfeited and entry of such forfeiture placed upon the journal. Section 13576, General Code, provides that if a person held in jail for an indictable offense is not indicted at the term of court at which he is held to answer, he shall be discharged, unless he was committed on such charge after the discharge of the regular grand jury for such term, in which case the court may discharge him, order another grand jury or require him to enter into a recognizance for his appearance before the court to answer the charge at the next term thereof. A person shall not be discharged if it appear to the court that a witness for the state has been enticed, kept away or detained or kept from attending court by sickness or unavoidable accident.
It therefore appears from these statutes that the common pleas court acquires jurisdiction of the action for all further purposes in the case immediately upon the filing of the transcript from the *210 magistrate’s court, and this jurisdiction is not dependent upon the return of an indictment into the court, for where an indictment is not returned the court has jurisdiction to discharge the prisoner or to require him to enter into a recognizance for his appearance before the court at the next term thereof.
This prosecution was commenced in the common pleas court on the 17th day of December, 1912, and was a case pending in that court on the 1st day of January, 1913. By the provision of the general schedule the accused should have been tried in the same manner and by the same procedure as was authorized by law at the time of the commencement of the action.
The further question sought to be made by the state upon its cross-petition filed in the court of appeals is not before this court, the state having secured a judgment of conviction in the trial court, the error complained of was not prejudicial to it, and it could not prosecute error therefrom. The court of appeals properly refused to consider the question upon the state’s cross-petition in error.

Judgment affirmed.

Nichols, G J., Johnson, Wanamaker, Newman and Wilkin, JJ., concur.